Richardson, J.,
delivered tbe opinion of tbe court :
, This case presents no difficulties upon tbe controlling facts, which fully establish tbe claim set forth in tbe petition, and tbe defense has no foundation in law or justice.
Tbe claimants were distillers of spirits, in possession of ten barrels of alcohol in tbe warehouse of then distillery, upon which there was a tax due of $801. This tax they paid to tbe collector in July, 1876, and again paid tbe same tax to tbe same collector in October of that year. Afterward, they made application to tbe Commissioner of Internal Revenue for refund and payment back of tbe amount thus paid in excess of that which was legally and justly due. (Rev. Stat., § 3220.)
Tbe Commissioner allowed tbe claim, and certified tbe same to tbe accounting officers for payment, where it met -with tbe disapproval of tbe Comptroller.
Those are all tbe material facts; and tbe case is precisely tbe. same in principle, as to the authority of tbe Commissioner of Internal Revenue and tbe force and effect of bis certificate, as *363 that of Kaufman v. United States (11 C. Cls. R., 659), recently affirmed by the Supreme Court ou appeal (96 U. S. R., 568); and w'e might, perhaps rest our decision upon the facts above recited and the opinions of this court and the Supreme Court in that case, but the circumstances under which this double payment was made have been put in evidence, and we will review them with reference to the statute provisions with which they are connected.
When spirits are distilled they are drawn from the cisterns into casks, which are thereupon gauged, proved, and marked by an internal-revenue gauger, and immediately removed into the distillery warehouse, under the care of a G-overnment storekeeper, where they are numbered by serial numbers, and have attached stamps with the number of proof-gallons of spirits contained therein ivritten thereon. (Rev. Stat., §§ 3271, 3273, 3287.) Finch's Case, 12 C. Cls. R., 365.) The amount of the tax then becomes fixed and determined, and the distiller is required to give bond to pay the tax and remove the casks within one year (Rev. Stat., § 3293); recently extended to a longer period.
Within that year the distiller must pay the tax to the collector, who issues what is called a tax-paid stamp, the form of which is prescribed by statute, and which is nothing more than a receipt, specifying each cask by number and quantity of spirits therein, the warehouse, and to whom the cask is for delivery. This stamp is required to be placed on the head of the cask by the gauger, in the presence of the storekeeper, before the same can be removed from the warehouse. (Rev. Stat., §§ 3294, 3295.)
In the present case, when the claimants paid the tax on their ten barrels of alcohol, the tax-paid stamps were not delivered to the gauger by the collector, as it would seem from the collect- or’s certificate to the claimant’s application for refund, but were intrusted to the claimant’s teamster, who, it was alleged, lost the same under such circumstances as might lead to the conclusion, asserted by the claimants, that they had been destroyed. As the claimants could not remove the barrels from the warehouse without stamps thereon, and the collector had no authority to issue stamps except for money, since they are furnished to him by the Government and he is charged therewith, the claimants were obliged or thought it necessary to pay the tax again in order to obtain possession of their alcohol for sale, trusting to the Commissioner to refund the same upon application and presentation of the facts.
*364 They marte application accordingly, and tlie only question of doubt raised before tbe Commissioner was whether or not the stamps were actually destroyed, the fact of double payment being a matter of record apparent upon the books of the collector. For refund under section 3220, this question was material only in connection with the possibility of fraudulent intent on the part of the claimants to use the stamps for other barrels of alcohol, which could not be done excejit in collusion with both the Government storekeeper and gauger, by giving the same numbers to other barrels of the same contents, in the same warehouse, as owned by the same parties, and for delivery to the same persons named in the stamps;' since, for any other purpose, and under other circumstances, and in the hands of persons not named therein, they would be as worthless as receipts running to parties other than the holder. The tax was, in fact, paid twice. It was, in the language of that section, a tax paid ‘'excessive in amount,” and so might be refunded, unless the Commissioner, for reasons satisfactory to himself, should decide otherwise, and in this latter case his decision would be final and conclusive.
It was the- duty of the Commissioner to take all the facts and circumstances into consideration, and to act upon his own,judgment and discretion. The statute gives to him alone the power, u subject to regulations prescribed by the Secretary of the Treasury, * * * to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, * * * and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected.” (Rev. Stat., § 3220.)
A regulation of the Secretary of the Treasury, prescribed many years ago, requires the Commissioner, in cases involving an amount exceeding $250, and before its final decision, to transmit the same, with the evidence in support thereof, to the Secretary for his consideration and advisement; but it has never been understood in the Treasury Department that the powers and duties of the Secretary extended beyond advising the Commissioner, upon whom alone rests the responsibility of the final decision.
In this case the Secretary had some doubt about the sufii ciency of the evidence of the destruction of the stamps, and advised the taking of a bond of indemnity; but the Oommis- *365 sioner does not appear to have so far adopted the advice as to make the giving of a bond a condition-precedent to the refund, as he certified the amount claimed, without condition, to the accounting officer for payment. However, an instrument was filed, which the claimants intended as a bond, in accordance with the advice and direction of the Secretary, and it was received without objection. The claim was disallowed by the Comptroller on another and different ground.
The allowance might, no doubt, luwe been made under the provisions of Rbvised Statutes,. § 3426, for refunds for “stamps spoiled, destroyed, or rendered useless, or unfit for the purpose intended,” * * * although that section was enacted more particularly with reference to other classes of stamps, which, unlike these tax-paid stamps, if lost and not destroyed, upon falling into the hands of other parties would be of value, and might be used by them without the possibility of discovery, and even without fraud.
Under one or the other of sections 3220 or 3426 of the Revised Statutes the claimants were entitled to relief. The Commissioner chose to act under the former section, and in doing so he entered the allowance, with other caséis in a general printed form for refunding taxes erroneously assessed and paid, making no distinction in the different cases whether “ erroneously or illegally assessed or collected” or “unjustly assessed or excessive in amount, or in any manner wrongfully collected.” The authority was in the Commissioner in all the different cases under both sections, and errors in the mere forms of procedure by him not in violation of his powers and authority are wholly-immaterial, as we pointed out in Kaufman's Case (12 C. Cls. R., 659), where the Commissioner, in his certificate of allowances, referred for his authority to an act which had been repealed instead of to the re-enacted provisions in the Revised Statutes, as he could not well have done otherwise at that time, after the statutes were enacted and before they were distributed. The forms of proceedings by the Commissioner are not within the control of claimants, and they should not lose their rights by any errors or imperfections therein made by him or with his concurrence. It is sufficient if the Commissioner acts within the scope of his authority and jurisdiction, whatever forms he may adopt.
It is urged on behalf of the defendants that the Commissioner *366 did not have sufficient evidence upon which to found his decision. 33ut that is beyond our jurisdiction to determine. When the law intrusts the decision of any question of fact to a designated public officer, the sufficiency of the evidence depends upon his own judgment, and cannot be reviewed by any other officer or any tribunal. What would be sufficient for him might not be sufficient for other minds; and what would be sufficient for others might be quite insufficient for him. It is enough for us to know that the Commissioner acted upon some evidence which was satisfactory to himself. It is also urged that the certificate accompanying the application did not conform to that prescribed by the regulations. That is wholly immaterial, because it does not appear that it was the whole evidence acted upon, and the collector’s certificate was a substantial compliance with the regulation finder the circumstances and in connection with the records which it may be presumed the Commissioner had access to; and, especially, because it was received, accepted, and acted upon by him, and cannot now be excepted to in this court for the first time.
The Comptroller refused to pass the claim, because he held that the tax could not be refunded in that way. Perhaps the claimants might have had one remedy under Revised Statutes, § 3315, by making application for duplicate stamps, although that section seems rather to aj)ply to cases where stamps have once been affixed and subsequently lost or destroyed and new ones are called for in order to restamp the casks, that they may not be seized for violation of law. (Rev. Stat., § 3289.) But even if they had a remedy under that section, it was a limited one, and might have been quite impossible of execution or inadequate in this case. The claimants were in Illinois,' and to obtain duplicate stamps, they were required to make application to the Commissioner of Internal Revenue at Washington, and await the slow process of departmental business, while by law and their bond they must remove the barrels from the distillery within one year from the time they were first stored therein, and that time might' expire before they could obtain duplicate stamps.
But whether or not the claimants had another remedy under that section (Rev. Stat., § 3315), we are of opinion that it did not exclude them from the right to pay the tax a second time, in order *367 to get immediate possession, of tbeir property, and to apply for and obtain a refund under Revised Statutes, section 3220.
Tbe judgment of tbe court is tbat tbe claimants recover tbe sum of $801.
Nott, J., was absent when tbe decision was announced, but was present at tbe bearing and concurs in tbe judgment.