OPINION.
Davis, J.,
delivered the opinion of the court:
The steamer Clara Dolsen was completed and enrolled at Cincinnati in January, 186L Among the owners, one A. P. Stewart is enrolled as owning five-sixteenths. The whole controversy is about his interest.
The vessel went down the river, and was at Memphis when hostilities broke out. Some time in June, 1861, she was impressed into the Confederate service. While she was in that service Stewart, in New Orleans, on the 26th day of February, 1862, sold and conveyed his interest to one Cable. No question is made of the legality of this transaction. Stewart denied the execution of the deed, but the court finds against him on that point. The deed was never recorded at the home port of enrollment.
The vessel then passed up the river, and the captain, under instructions, so managed that she fell into the bauds of the naval authorities of the United States. She was taken to Illinois and there libeled for confiscation. She remained thencefrom in the custody of the court, or in the service of the Government as a transport until 1865.
Meanwhile the proceedings took place which form the basis of the claimant’s title. Stewart followed the boat to the North, and some time in the year 1863 executed and delivered a deed to the claimant of five-sixteenths interest in said steamer, if the same can be proved by the depositions of David R. Powell, of Samuel Stillwell, and of Azariah P. H. C. Stewart which form part of the record. If those depositions are admitted they tend to prove the execution and delivery of the following deed
*160 Bill of sale — Stewart to Bofinger — Filed for record Oet. 2nd, 1863.
Know all man by these presents, that A. P. Stewart, in consideration of twelve thousand iive hundred dollars, to him paid by Mrs. Mary E. Bofin-ger, of Saint Louis, Mo., Samuel Stillwell, trustee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold, and delivered, and by these presents do grant, bargain, sell, and deliver unto the said Mary E. Bofinger, her executors, administrators, and assigns forever, five-sixteenths of the steamer Clara Dolson — William Dunning is at present master — -together with her engine, tackle, and apparel of what name or nature soever, and all that to her belongs or in any way appertains, now lying at the port of-, and the certificate of whose enrollment is as follows, viz:
Enrollment. — In conformity to an act of Congress of the United States of America, entitled “ An act for enrolling and licensing ships or vessels to be employed in the coasting trade and fisheries, and for regulating the same, Wm. F. Dunning, of St. Louis, Mo., having taken or subscribed the oath required by said act, andhaving sworn that he owns tV of the steamer herein named, A. P. Stewart owns and S. S. Edwards, of same place, owns ■£$, and all are citizens of the United States and sole owners of the ship or vessel called the Clara Dolson, of St. Louis, whereof Wm. F. Dunning is at present master, and, as he hath sworn, is a citizen of the United States; and that said ship or vessel was built at Cincinnati, Ohio, in the year 1861, and is now new; and the undersigned, surveyor of the port of Cincinnati, having certified that said ship or vessel has one deck and no mast, and that her length is 268 feet, her breadth 42 feet, her depth 8 feet 9 inches, and that she measures 939$jj- tons, and that she is a steamer, has transom stern with truck, no gallery, and plain head. And the the said Wm. F. Dunning having agreed to the description and admeasurement above specified, and sufficient security having been given according to said act, the said steamer has been duly enrolled at Cincinnati.
Given under my hand and seal at the port of Cincinnati this 17th day of January, in the year eighteen hundred and sixty-one.
[OFFICIAL SISAL. ] T. JEFFERSON SHERLOCK,

Surveyor of Customs.

To have and to hold the said tV interest in said steamer, with the tackle and apparel, and every part thereof, to the said Mary E. Bofinger aforesaid, and the said A. P. Stewart doth covenant that he is the lawful owner of the same, has good right and lawful authority to sell it. In testimony whereof I, A. P. Stewart, have hereunto set my hand and seal this 29th day of September, in the year eighteen hundred and sixty-three.
[seal.] A. P. Stewart.
Signed, sealed, and delivered in presence of, ss. :
W. DURHAM.
J. Wilson Johnston.
*161 Custom-House, Poet oe St. Lours,
Aug. 6th, 1874.
I hereby certify that the foregoing hill of sale and acknowledgment are a true and correct copy from the records of this port as contained in record-hook P, page 536.
< OFFICIAL SEAL, SURVEYOR OF ) JOHN F. LONG,
i customs, port OF st. louis. 5 ' Surveyor and Act’g Col.
The counsel for the Government moves to strike out these depositions on the ground of interest;- and moves to strike out the proofs of the deed on the ground that no foundation is laid for secondary proof.
Powell and Stillwell were partners under the firm of Stillwell, Powell & Go. The alleged interest of each appears in the following extract from Powell’s testimony:
Question. Did I understand you to say that you have no interest in the claim which is the subject of the present inquiry?
Answer. I will state in explanation of my answer that at the time of the purchase in this vessel by Mrs. Bofinger, that I have mentioned, we were interested with her in the purchase, owning half of the interest which stood in her name. We had interests also.in a number of other vessels. Ten years subsequent to the purchase of this interest, when the firm of Still-well, Powell & Co. having failed and gone through bankruptcy, this interest was accounted, and there was an indebtedness due or claimed on open account which, if anything came out of it, would olfset such indebtedness; that is the state of the facts.
Question. What was the nature of the interest which you have said you had or have in this claim, and how did it arise?
Answer. The interest was equally divided, one-half being in Mrs. Bofin-ger and the other half in the firm of Stillwell, Powell & Co. The firm and Mrs. Bofinger were largely interested in vessels doing business on the Western rivers, and it was often the case that the title was both in the firm and in Mrs. Bofinger, or nearly all in her name; sometimes in the firm’s name — we doing a big business along and during the war.
Question. Do you mean to say that in this alleged purchase of an interest in the steamer Clara Dolsen, made in the name of Mary E. Bofinger, the firm of Stillwell, Powell & Co., of which you were a member, was equally interested with her?
Answer. We were at the time.
Question. Has your firm since that time conveyed this interest which you say you so acquired; if so, how?
Answer. We never conveyed it — only verbally.
And in the following extract from Stillwell’s testimony:
Question. Please define what, if any, interest you have in the claim now under inquiry?
Answer. I have none whatever at this time.
Question. What interest have you had at any time since the purchase in *162 tlie name of Mary E. Bofinger, which you have mentioned in your direct examination?
Answer. I had an interest as one of the firm of Stillwell, Powell & Co.
Question. Have you heard the answer made hy David R. Powell to the questions touching this interest?
Answer. Yes, sir; I have. '
Question. In what respect, if any, does your interest differ from his, if at all?
Answer. After we went through bankruptcy, he purchased the assets then undisposed of, and if there was anything conie out of it it would go to him.
I have no interest whatever.
Question. But up to the time of the bankruptcy proceedings of your firm was not your interest in that purchase the same as his, you being also a member of the firm ?
Answer. Yes, sir; it was.
The alleged interest of Stewart appears by the following agreement, which forms part of the record:
This contract witnesseth that on the 29th day of September, 1863, A. P. Stewart sold to Albert Pearce and John N. Bofinger, of S. Louis, Mo., fiver sixteenth interest in the steamboat Clara Doisen, and at their request executed a hill of sale of said interest in said boat to Samuel Stillwell, as trustee for Mary E. Bofinger, and whereas the 43 Congress has passed a law appropriating the sum of twenty-two thousand and fifty dollars in payment of all claims of the owners of the Clara Doisen against the United States, and whereas the United States allowed tbe sum ninety-four hundred & fifty dollars for services of said boat in the Navy: No w it is agreed by John N. Bofinger, as attorney in fact for said said Stillwell, trustee for Mary E. Bofinger, that in consideration of one dollar to him in hand paid, and for other valuable considerations, that' he will proceed to collect the said claims hereinbefore mentioned, and any others due to the owners of the said steam-bóat in proportion of five-sixteenth of the said boat, and will pay to Albert Pearce the sum advanced hy him in payment for the aforesaid interest, and also to John N. Bofinger the sum advanced hy him for any expenses incurred, and after paying said advances and expenses, hereby agrees to pay to the said Albert Pearce, immediately, one-fourth of the remainder of such fund so collected, and also to pay to A. P. Stewart one-fourth of the remainder of the said fund.
And Albert Pearce agrees .to receive said payment as hereinbefore stated, and release and quit the said Sam’l Stillwell, trustee of said Mary E. Bofin-ger, for any accounting for his ownership of one-half of of said steamboat Clara Doisen. And the said A. P. Stewart agrees to receive the said payment in full satisfaction of any and all claims he has or may have had to or in the Clara Doisen, or to the said Pearce or the said John N. Bofinger.
The true intent and meaning of this agreement being, that so far and as soon as any collections are made for the owners of the Clara Doisen, then immediate payment to he made as provided in the aforesaid agreement.
The expenses referred to are', one thousand paid hy Pearce for himself & *163 Bofinger; lawyers'fees at S. Louis; Bofinger expenses fixed at five hundred dollars. Estimated in aggregate at twenty-three hundred dollars.
New York, March 16, 1875.
ALBERT PEARCE,
Saíí'l Stillwell,
By JoiiN N. Boeinghe,

Attorney in Fact.

» A. P. STEWART.
.By section 1079 of the Bevised Statutes it is enacted—
That no claimant, nor any person from or through whom any such claimant derives his alleged title, claim, or right against the United States, nor any person interested in any such claim or right, shall he a competent witness in the Court of Claims in supporting the same. * * *
We are of opinion that both Powell and Stillwell are persons from or through whom the present claimant derives her alleged title, claim, or right against the United States to one-half of her claim.
We are also of opinion that Stewart is a person from or through whom she derives the whole of her claim; and further, that Stewart is interested in the claim.
The motion of the Attorney-General to strike out these depositions must therefore be allowed. These beiDg stricken out, no foundation is laid for secondary proof of the alleged deed to Mrs. Bofinger, and the claimant’s title entirely fails, as we have found in finding IX.
This disposes of the controversy. But even if we are wrong in rejecting these depositions, there are other fatal defects in the claimant’s case.
In the first place, if we were to find the conveyance to the claimant as alleged, there are many attendant circumstances which would probablywarrant us in finding, if not make it our duty to find further, that it was taken with notice of the previous conveyance to Cable. This would put the claimant outside of the provisions of the Act of July 29, 1850 (9 Stat. L., 440; Bev. Stat., § 4192), as to the effect of non-record of a conveyance upon a subsequent purchaser without knowledge. And as Cable took actual possession of the vessel when he purchased, and held it through himself or his privies, he would be entitled to all the legal consequences resulting therefrom.
In the next place, it appears that Cincinnati was the port of this steamer, in which the original enrollment was made; and if the rejected evidence were admitted it would further appear *164 that the alleged conveyance to the claimant was recorded at the port of Saint Louis, in October, 1863. At that time the steamer had not been enrolled at Saint Louis, and it was not enrolled there until the 24th May, 1864. The Act of 1850, already referred to, provided that no bill of sale of a vessel should be valid against any other person than the grantor, his heirs and devisees, and persons having actual notice thereof, unless such bill of sale is recorded in the office of the collector of customs where such vessel is registered or enrolled. At the time of the alleged record of the claimant’s conveyance the enrollment of the vessel was at Cincinnati. It is possible that the claimant might have had the vessel enrolled at Saint Louis before recording her deed. In that event the opinion of the Supreme Court as to the place of record given in White’s Bank v. Smith (7 Wall., 646) might have had weight. But she did not do it, and therefore if the evidence of her conveyance were admitted she would still fail to show that she had complied with the express provisions of the statute to record her deed in the collector’s office where the vessel was enrolled. This would let in the superior rights of Cable by virtue of an unrecorded deed accompanied by possession.
In the next place, the facts prior to the Act of 1875 show no contract by the United States to pay the owners of the Clara Dolsen for its use by the Navy during the war. And if there was no contract this court can have no jurisdiction to determine whether any compensation should be made to the owners)1
In the next place if there were á contract there was no evidence to warrant a finding, and there is no finding to warrant a judgment as to its value.
The only evidence of the willingness of the United States to pay for the use of the vessel, or of the worth of its use, is to be found in the Act of March 3, 1875, ch. 215 (18 Stat. L., 662), where it is enacted—
That the Secretary of the Treasury be, and he is hereby, directed to pay to the owners of the steamer Clara Dolsen, out of any money in the Treasury not otherwise approiiriated, the sum of twenty-two thousand and fifty dollars, in full of all clai.ins for the use of said vessel by the Navy Department, and for all claims for damages to said vessel and furniture while in the service of the Government.
It appears by finding XII that the claimant put in a claim before the Secretary of the Treasury unner this act; that the *165 claim was rejected, and that the Secretary paid out the whole amount of the appropriation to other parties whom he decided to be the owners of the vessel.
We are of opinion that the Act of 1875 intrusted to the Secretary of the Treasury the discretion to decide the disputed question of the ownership of the five-sixteenths of this vessel; and it appearing that he has exercised that discretion, the statutes of the United States confer upon this court no power to review his action. In Woolner’s Case (13 C. Cls. R., 355) we said, “ when the law intrusts the decision of any question of fact to a designated public officer, the sufficiency of the evidence depends upon his own judgment, and cannot be reviewed by any other officer, or any tribunal.” (See also Kaufman’s Case, 11 C. Cls. R., 659; same case on appeal, 96 U. S. R., 568; Bank of Greencastle’s Case, 15 C. Cls R., 225; Real Estate Savings Bank of Pittsburgh’s Case, 16 Ibid., 335; and Haycroft’s Case, 10 Ibid., 114; same case on appeal, 22 Wall., 81.) The principle which we thus laid down, and which is abundantly supported by authorities, will be decisive of this case, if the case ever reaches its operation.
The motion of the Attorney-General to strike out the depositions of Azariah P. Stewart, David R. Powell, and Samuel Stillwell is allowed.
The judgment of the court is that the claimant’s petition be dismissed.