Weldon, J.,
delivered the opinion of the court:
This claim originated from the fact that the Comptroller refused to recognize the validity of the act of the Secretary of the Treasury in allowing the claimants the sum of $288 under section 322Í of the Revised Statutes, giving the Secretary the right to refund taxes paid by parties on distilled spirits destroyed by accident, without the fault, collusion, or negligence of the owner.
Section 3221 of the Revised Statutes, under which the Secretary acted, is as follows:
*373 “The Secretary of the Treasury, upon the production to him of satisfactory proof of the actual destruction by accidental fire or other casualty, and without any fraud, collusion, or negligence of the owner thereof, of any distilled spirits, while the same remained in the custody of any officer of internal revenue in any distillery warehouse or bonded warehouse of the United States, and before the tax thereon has been paid, may abate the amount of internal taxes accruing thereon, and may cancel any warehouse bond, or enter satisfaction thereon, in whole or in part, as the case may be. And if such taxes have been collected since the destruction of said spirits, the said Secretary shall refund the same to the owners thereof out of any moneys in the Treasury not otherwise appropriated.”
The facts show that on the 1st day of March, 1884, the claimants paid the government $288 as tax on spirits, which before that time had been destroyed by an overflow of the Ohio Eiver, while in the possession of a collector of internal revenue in the first district of Ohio, without fraud, collusion, or negligence on the part of the claimants.
The findings bring the case within thé letter and purpose of the law, the facts gave the Secretary full and complete jurisdiction, and his decision is final and conclusive.
This court has substantially decided the principle of this ease in the following:
Kaufman Case (11 C. Cls. R., 659), affirmed on appeal (96 U. S. R., 567); Savings Bank of Pittsburgh v. United States (16 C. Cls. R., 335), affirmed on appeal (104 U. S. R., 728); Woolner Case (13 C. Cls. R., 355); Greencastle Bank (15 C. Cls. R., 225); McKnight (13 C. Cls. R., 291); Nixon’s Case (18 C. Cls. R., 449); Sybrandt’s Case (19 C. Cls. R., 461).
Judgment will be entered for the sum of $288.