JoNes, Chief Judge,
delivered the opinion of the court:
The plaintiff seeks recovery of the difference between the pay and allowances of a colonel and those of a brigadier general for the period from September 30, 1955, to March 31, 1957, and the difference between the retired pay of a colonel and that of a brigadier general on a continuing basis beginning April 1,1957.
After advancing through the officer ranks of the Army Air Corps and the Air Force, plaintiff was appointed a temporary brigadier general effective March 17, 1951, under the provisions of section 515 of the Officer Personnel Act of 1947 (61 Stat. 795, 906, 10 U.S.C. § 8444(a) and § 8447 (b) and (c)), the order reciting that such appointment was by order of the Secretary of the Air Force and the direction of the President. Plaintiff served in this capacity for over *413 four years and consistently earned effectiveness and efficiency ratings of “superior” and “outstanding.”
On September 26, 1955, plaintiff received an administrative reprimand from bis superior which criticized his personal contacts with civilian contractors and which characterized his conduct as “not of the sort required to insure that no suspicion of impropriety could arise which might reflect unfavorably either upon you as an Air Force officer or upon the Air Force.” Two days later plaintiff applied for voluntary retirement and on September 29, 1955, he wrote to the Air Force Vice Chief of Staff protesting the reprimand and averring that his conduct had been above board and in the good faith belief that it was not lacking in propriety. He requested that a reduction in grade, which he understood to be imminent, be withheld until such time as he could present evidence which would vindicate him.
Plaintiff received a reply in October which stated that his official conduct was the responsible cause of his reduction to his permanent grade and that, inasmuch as he was then under investigation by both the Air Force and the Department of Justice, his application for retirement would not be favorably considered at that time. On September 30, 1955, by Department of the Air Force letter order, plaintiff’s temporary appointment was vacated and he was ordered reverted to his permanent grade of colonel. Like the appointment, this termination was by order of the Secretary of the Air Force and direction of the President.
In October, plaintiff set forth his grievances in writing to the Secretary of the Air Force and requested that he be restored to his temporary grade. In a later letter, the Secretary assured plaintiff’s attorney that the administrative reduction action was taken only after a thorough review of the case by himself and the Chief of Staff. Plaintiff was transferred after the termination of his appointment and, on November 8, 1956, he again applied for retirement, this time in the highest grade held as provided in 10 U.S.C. § 8963 (a), as amended. Plaintiff was retired effective March 31,1957, in his permanent grade of colonel.
Following his retirement, plaintiff was indicted by a Federal grand jury at Scranton, Pa., on a charge of conspiracy *414 growing out of the same transactions which resulted in his administrative reprimand. He was subsequently tried and acquitted. In July 1957, he again wrote the Secretary protesting the actions which had been taken in terminating his brigadier general appointment and in failing to retire him in that grade and complaining of alleged Air Force complicity in effecting his indictment. He demanded that all of these grievances be rectified immediately.
An Assistant Secretary replied to plaintiff’s letter and rejected his protests, stating that no action would be taken on the corrective measures requested by plaintiff. Thereafter, plaintiff again requested the .Secretary to take such action as would show that he had been retired as a brigadier general. He was advised by a civilian Air Force official that, at the time of the approval of plaintiff’s request for retirement, the Secretary had determined that his service in the temporary grade had not been satisfactory and that he would not be advanced on the retired list. Further, plaintiff was told that this determination would not be changed. Six months later plaintiff filed suit.
Both portions of plaintiff’s claim for recovery are based on allegedly arbitrary and capricious action. As required by Rule 9(b) of this court, plaintiff has specified in his petition wherein lies the arbitrariness and the capriciousness. As to his reduction in grade, he complains that, contrary to law, he was denied a hearing as provided in Air Force Regulation 36-2. As to his failure to be retired in the grade'of brigadier general, plaintiff maintains that the determination of the Secretary that he had not served satisfactorily must have beén arbitrary and capricious, since all of his ratings in that grade had been “outstanding” or “superior” and all of his rating officers had considered him qualified for promotion to major general.
At the outset, it is appropriate that we address ourselves to the contention made by defendant that the failure of the plaintiff to present his grievances to the Air Force Board for the Correction of Military Records constitutes a failure to exhaust his available administrative remedy and a bar to this action. He took his grievance directly to the Secretary, in writing, on more than- one occasion and he *415 received a final and definitive answer from the Secretary. We regard this as sufficient in the circumstances of this case.
As we have mentioned, in his petition plaintiff specified that the arbitrary and capricious conduct involved in the termination of his temporary promotion was the absence of a hearing to which he was entitled by virtue of AFR 36-2. That regulation prescribes the criteria and procedures for effecting elimination, demotion, and the like of officers on active duty. By its very terms,[1] however, the pertinent provisions do not apply to general officers. Plaintiff has admitted in his brief that this regulation affords him no protection but he challenges the validity of the regulation. He adheres to the original language of his petition and maintains that the arbitrary and capricious action was his reduction by virtue of administrative action not authorized by law. The legislation pertinent to plaintiff’s appointment and later reduction is found in section 515 of the Officer Personnel Act of 1947, 61 Stat. 795, 906, which provisions are now codified in Title 10 United States Code:
§ 8447 (b) — Temporary appointments of commissioned officers in the Air Force shall be made by the President alone in grades below brigadier general, and by the President, by and with the advice and consent of the Senate, in general officer grades.
§ 8447(c) — The President may vacate at any time a temporary appointment in a commissioned grade.
Apparently, as to the termination of his temporary appointment, plaintiff’s position is that (1) although authority to order the reduction was vested solely in the President, it was actually exercised by a subordinate and (2) Air Force Regulation 36-2 is invalid to the extent that it fails to apply the same procedures to general officers as it applies to junior officers.
There is no disagreement between the parties or between the court and the parties that the President has sole authority to vacate temporary appointments. Section 8447 (c) of Title 10 United States Code gives him this power just as section 8447(b) gives him the power to appoint, with the advice and consent of the Senate, in the case of the highest *416 grades. Letter order M-3364, Department of the Air Force, dated September 30, 1955, removed plaintiff from his temporary office of brigadier general and returned him to his permanent grade of colonel. The order recited that it was done by order of the Secretary of the Air Force, at the direction of the President. This is the same form as was employed in the special orders which appointed plaintiff to the temporary office, the validity of which he does not question.
We are not in sympathy with the plaintiff’s contention that the termination order patently reveals that a subordinate official acted instead of the President and that the defendant must now produce evidence that it was really the President who acted. It has long been recognized that the Secretary of an executive department is the regular organ of the President for promulgating such rules, regulations, and orders as may be directed by the President acting within his authority in specific areas. United States v. Eliason, 41 U.S. (16 Pet.) 291 (1842). This court has indicated that it will give legal effect to certain acts of the Secretary as if they were the personal acts of the President. We have said in Seltzer v. United States, 98 C. Cls. 554, 561 (1943), that when he promulgated a military order reading in part “by direction of the President * * * by order of the Secretary of War”, the Secretary’s act was the act of the President. And the Supreme Court, in Runkle v. United States, 122 U.S. 543, 557 (1887), has said:
There can be no doubt that the President, in the exercise of his executive power * * * may act through the head of the appropriate executive department. The heads of the department are his authorized assistants in the performance of his executive duties, and their official acts, promulgated in the regular course of business, are presumptively his acts.
The theory that the act of the head of an executive department is the presumptive act of the President is well settled. United States v. Farden, 99 U.S. 10 (1878); Wilcox v. Jackson, 38 U.S. (13 Pet.) 498 (1839); Parker v. United States, 26 U.S. (1 Pet.) 293, 297 (1828). Consistent with this doctrine is the proposition that the Government need *417 not allege or aver tbat the act in question has received the personal consideration of the President. This, too, will be presumed. Confiscation Cases, 87 U.S. 92, 108 (1873). This court finds no support in law for the contention that the defendant must plead and prove that the President personally considered the plaintiff’s proposed reduction and personally directed the Secretary to effect it.
The other ground on which plaintiff seeks to have the court overrule the termination of his temporary appointment is the alleged invalidity of those portions of AFP 36-2 which excepted him, as a general officer, from the established procedures for the demotion of officers. This contention, too, must be rejected. It must be reiterated that the statute[2] gives the President alone the power to terminate a temporary appointment at any time. The regulation therefore was within the framework of the statute and authorized by its terms. In any event, the President retained his absolute control over the termination of temporary appointments of general officers. Clearly, Air Force Regulation 36-2 can be deemed invalid only if it contravenes the statute which authorizes the action which it regulates. The statute gives the President the power at any time to terminate any temporary Air Force commission. Denial of a hearing to general officers even though junior officers are granted that right by the regulation does not contravene the statutory authority in any manner. The regulation in question is valid and, by its very terms, it excludes plaintiff from the demotion procedures prescribed for junior officers. This amounts to nothing more nor less than continuing within the sole authority of the President the vacation of certain temporary appointments, which is exactly the authority granted him by law.
Since the plaintiff was removed from his temporary appointment by the President, acting through the Secretary, and the action was not tainted by any invalid regulation, the provisions of the applicable legislation have been fully complied with. This termination being legal, for the period from September 30, 1955, to March 31,1957, plaintiff has no right to pay and allowances beyond what he has already *418 received. We perceive no factual dispute bearing on this determination.
Neither can plaintiff’s second claim withstand defendant’s motion. The statute under which plaintiff applied for retirement as a general and under which he has reasserted his claim is 10 U.S.C. § 8963(a), which provides that:
A regular commissioned officer who is retired, or a reserve commissioned officer who is retired or to whom retired pay is granted, is entitled to a retired grade equal to the highest temporary grade in which he served on active duty satisfactorily, as determined ly the Secretary of the Air Force, for not less than six months. [Emphasis supplied.]
The plaintiff’s claim that the Secretary’s refusal to advance him on the retired list was arbitrary and capricious and not in accordance with law must be tested by that statute since it is the only law on which plaintiff’s right to the higher grade, if he has such right, can be predicated. Plaintiff reasons that since he had served over four years as a brigadier general and always earned ratings of “superior” or “outstanding” and since he had been reported as qualified for promotion to major general, the Secretary could not have found other than that his service as a brigadier general was satisfactory and to have found otherwise was wholly arbitrary.
This interpretation fails to recognize that what the statute does is to give the Secretary broad discretion to decide the character of a particular officer’s service. The record indicates that he exercised that discretion in this case. We prefer to think that good efficiency ratings may raise a presumption of satisfactory service which the Secretary may reject after considering other pertinent factors. There is no requirement imposed by statute or regulation which restricts the Secretary’s review solely to efficiency ratings. We think those other pertinent factors are clearly apparent in the record before us.
It is not necessary to determine the actual margin by which plaintiff failed to persuade the Secretary that he had satisfactorily served. Nor, indeed, is it even necessary to say whether or not we feel that he did or did not so serve. *419 It is enough that there was substantial evidence before the administrative officer on which, in his discretionary power, he could make such a decision. Bayly v. United States, 99 C. Cls. 598, 605 (1943); Woolner v. United States, 13 C. Cls. 355, 366 (1877). The Supreme Court and this court have repeatedly made it clear that where an executive officer enjoys a broad discretionary power, and in the absence of action that is arbitrary, capricious, or unsupported by substantial evidence, a judicial tribunal may not review his decision and substitute its judgment for his. Dismuke v. United States, 297 U.S. 167, 172 (1936); Ross v. Day, 232 U.S. 110, 116 (1914); Byrne v. United States, 97 C. Cls. 412 (1942); Bofinger v. United States, 18 C. Cls. 148 (1883). The facts of record disclose no such abuse of discretion.
The defendant has presented numerous exhibits which reveal several bases for the Secretary’s having decided as he did. There is no question that plaintiff was given an administrative reprimand by his commanding officer; that he was put under investigation by two agencies of the Federal Government; that he was relieved of his command and was transferred to a different assignment; and that he was indicted by a Federal grand jury on a charge of conspiracy occurring in the performance of his official duties. The fact that a petit jury acquitted plaintiff of the charge is not necessarily binding as to the sufficiency of the evidence on which the Secretary made his decision. Croghan v. United States, 116 C. Cls. 577, 581 (1950), cert. denied, 340 U.S. 854.
We know that there was evidence upon which the Secretary based his determination that plaintiff had not served satisfactorily in his temporary grade. The Secretary’s discretionary determination, supported by evidence of record, is in accord with the applicable statute.
In holding that the defendant’s motion for summary judgment should be granted we are necessarily deciding that the case is ripe for such treatment. No material facts are in issue. The disputes between the parties upon which we here rule, for example, the authority of the President and the Secretary to do what they did and the validity of the questioned Air Force Regulation, are questions of law and not of fact. There is no absolute right guaranteed the plain *420 tiff to take his cause to trial in this court. Trial of a case in which there is no material issue of fact would be a futile act. Therefore, it is wholly fitting for this court to dispose of this case on motion.
The defendant’s motion for summary judgment is granted. The petition is dismissed.
It is so ordered.
Barksdale, District Judge, sitting by designation; Lara-more, Judge; MaddeN, Judge, and Whitaker, Judge, concur.

 Section Al.b(l) (c).

 10 U.S.C. 8447(e).