Per Curiam:
This case was referred to Trial Commissioner Herbert N. Maletz with directions to make findings of fact and recommendation for conclusions of law. The commissioner has done so in a report and opinion filed on May 6,1966. Exceptions to the commissioner’s opinion and recommended conclusion of law were filed by plaintiff, and the case was submitted to the court on the briefs of the parties and oral argument of counsel. Since the court is in agreement with the opinion, findings and recommendation of the commissioner, with slight modifications, it hereby adopts the same as the basis for its judgment in this case, as hereinafter set forth. Plaintiff is therefore not entitled to recover and the petition is dismissed.
OPINION OE COMMISSIONER*
Maletz, Commissioner:
Plaintiff, an Air Force officer, was retired in his permanent rank of lieutenant colonel rather than his temporary rank of full colonel by reason of *427 a determination by the Secretary of the Air Force that he did not satisfactorily serve in the higher temporary grade of colonel within the meaning of 10 U.S.C. § 8963(a) [1] He claims that the action of the Secretary was arbitrary and capricious and he seeks recovery for the difference between the retirement pay and allowances of a lieutenant colonel and those of a full colonel for the period since his retirement.
The facts, virtually all of which have been stipulated, are as follows: Plaintiff was commissioned a second lieutenant in the Air Reserve in 1938. He advanced through the officer ranks in the next several years until, on January 19, 1945, he was commissioned a temporary colonel, in which capacity he served for the next 16 years until July 31, 1961. (He was commissioned a permanent lieutenant colonel in the Regular Air Force in April 1951.) Throughout his service in the temporary grade of colonel, his efficiency reports showed that his service was satisfactory.
On January 28, 1961, plaintiff was advised by the Air Force that he had previously been considered more than twice but not recommended for promotion to the next higher grade; that in those circumstances and pursuant to section 10 of Public Law 86-616 (1960) (74 Stat. 386, 395) ,[2] a selection board had been convened to consider whether he should be continued on the active list and had not recommended his continuation; that the board’s recommendation had been approved by the Secretary; and that pursuant to Public Law 86-616 his retirement was mandatory not later than July *428 31, 1961. On February 2, 1961, plaintiff advised the Air Force that he elected to be retired on July 31, 1961.
On February 14, 1961, plaintiff pleaded guilty in the United States District Court, Western District of Texas, to a two-count information filed by the United States Attorney charging him with having violated the misdemeanor provisions of 18 U.S.C. § 641 by knowingly and unlawfully embezzling, stealing, purloining and converting to his own use and without authority certain property of the United States of a total value of $81.50 on the first count and $89.50 on the second count.[3] Upon his plea of guilty, the United States District Court fined plaintiff $1,000 on each of the two counts.
Following this, plaintiff was notified by the Commanding General of the Air Training Command that he was 'being recommended for elimination from the service in accordance with Air Force Regulation (AFR) 36-2.[4] An accompanying Statement of Reasons charged that because of the facts which formed the basis of the prosecution and conviction, plaintiff (i) had “exhibited conduct incompatible with exemplary standards of personal conduct, character, and integrity;” and (ii) had “failed to demonstrate acceptable qualities of leadership required of an officer of his grade * * *” Thereafter, plaintiff was advised that he had been selected to show cause why he should be retained on the active list of the Regular Air Force.
A Board of Inquiry was convened and, after hearing all the evidence, concluded that plaintiff had not exhibited conduct incompatible with exemplary standards of personal conduct, character, and integrity, and had not failed to demonstrate acceptable qualities of leadership of an officer of his rank, although it found that on or about May 12, 1960 and May 13, 1960, he did improperly convert to his own use property of the United States. The Board further found *429 that such conversion was the result of errors of judgment in failing to follow proper procedures and recommended that plaintiff be retained on the active list. The Board also announced that the case would be forwarded to Air Force headquarters for confirmation of plaintiff’s retention and for further review by the Air Force Personnel Board to determine whether plaintiff should be demoted to his permanent or' intermediate grade, as required by par. 23a of AFR 36-2.[5] Upon receipt and review of the Board of Inquiry proceeding, the Air Force Personnel Board recommended that further action under AFR 36-2 regarding the question of demoting plaintiff be suspended in view of his imminent retirement on July 31,1961 and the determination of whether he should be advanced to colonel on the retirement list. In accordance with the Personnel Board’s recommendation, the Secretary of the Air Force, on July 27,1961, directed that action under par. 23a, AFR 36-2, be suspended in view of plaintiff’s mandatory retirement on July 31, 1961.[6] The Secretary determined also that “the service of [plaintiff], who is to be mandatorily retired in his permanent grade of Lieutenant Colonel, does NOT meet the requirements set forth in Section 8963, Title 10, United States Code, as amended by Public Law 547, 84th Congress, and it is directed that he NOT be advanced on the retired list to the grade of colonel.”[7]
As a result of this determination, plaintiff was retired effective July 31, 1961 in his permanent grade of lieutenant colonel and has since received retirement pay at that grade. He filed an application with the Air Force Board for Correction of Military Records to be advanced on the retired list to the grade of colonel, which application was denied.
Plaintiff argues here that there was no substantial evidence in the record as a whole on which the Secretary could *430 base his determination and that the determination was, therefore, arbitrary. In particular, plaintiff says that the Board of Inquiry fully investigated the facts as to his alleged improprieties and fully cleared him of charges of service misconduct. He insists that the Board’s recommendations in such circumstances comprise the substantial evidence in the case as to his alleged improprieties. Plaintiff further argues that the event which gave rise to his conviction and fine was an isolated and harmless incident and that it is “inconceivable that [such] incident * * * could be considered sufficient to overcome the presumption of satisfactory service raised by a 23-year record of spotless effectiveness reports * *
In treating these contentions, it must be emphasized that the statute vests wide discretion in the Secretary to decide whether or not an officer has served satisfactorily in his higher temporary grade. See e.g., O'Keefe v. United States, 174 Ct. Cl. 537, 545 (1966); Roberts v. United States, 151 Ct. Cl. 360, 365 (1960); Brownfield v. United States, 148 Ct. Cl. 411, 418-19 (1060). That being the case, the court may not substitute its judgment for the Secretary’s and, accordingly, will not disturb his determination unless it is arbitrary, capricious or unsupported by substantial evidence. Ibid.
Considering that plaintiff, while serving in his higher temporary grade of colonel, pleaded guilty to two misdemeanor counts involving conversion of government property for his own use — an offense for which he was fined $2,000 by the United States District Court — it is clear that there was substantial support for the Secretary’s determination that plaintiff did not serve satisfactorily in the higher temporary grade of colonel within the meaning of 10 U.S.C. § 8963.[8] Nor was the Secretary’s determination contrary to the findings and recommendation of the Board of Inquiry. The function of the Board was not to determine whether plaintiff served satisfactorily in the temporary grade of colonel for retirement purposes; its function rather *431 was to determine whether plaintiff should be eliminated from the service under AFR 36-2 because of his conduct, while in that grade, that gave rise to his criminal prosecution and conviction. In these circumstances, the fact that the Board concluded that plaintiff should be retained on the active list on the ground that his conversion of government property, though improper, resulted from errors in judgment, can scarcely be considered a determination by the Board that his service in the temporary grade of colonel was satisfactory for retirement purposes. Indeed, as required by par. 23a of AFR 36-2, the Board expressly left open for review by the Air Force Personnel Board the determination of whether plaintiff should be demoted in rank because of the conduct in question — an action which the Secretary of the Air Force directed be suspended in view of plaintiff’s imminent retirement.
It is quite true (as previously observed) that plaintiff earned satisfactory efficiency ratings throughout his service as colonel. But while “good efficiency ratings may raise a presumption of satisfactory service * * * the Secretary may reject [them] after considering other pertinent factors. There is no requirement imposed by statute or regulation which restricts the Secretary’s review solely to efficiency ratings.” Brownfield v. United States, 148 Ct. Cl. 411, 418 (1960) .[9] In making his determination, the Secretary did not have to sweep aside the fact of plaintiff’s conviction and fine on a charge involving conversion of government property.
Plaintiff further asserts that the statute involved here, 10 U.S.C. § 8963(a) (see note 1, supra), was enacted as section 203(a) of the Army and Air Force Vitalization and Retirement Equalization Act of 1948; that the Congressional purpose underlying section 203(a), as demonstrated by the report of the Senate Committe on Armed Services (see note *432 10, infra), was to benefit military personnel who bad served and had satisfactorily held a temporary rank for at least six months in World War II; that since plaintiff served at least six months as a colonel in World War II, he was exactly the type of man envisioned by Congress as benefiting from the Act; and that the Secretary, therefore, acted contrary to law by ignoring the stated Congressional purpose for enacting section 203(a). This argument, however, is based on an erroneous premise for it overlooks the fact that section 203(a) was amended in a material respect in 1956. As originally enacted in 1948, section 203 (a) of the Yitalization Act (62 Stat. 1085; 10 U.S.C. §1002 (1952)) provided:
* * * [E]ach commissioned officer of the Regular Air Force [or Army] or of any reserve component of the Air Force [or Army] of the United States, heretofore or hereafter retired or granted retirement pay under any provision of law shall be advanced on the applicable officers’ retired list to the highest temporary grade in which he served satisfactorily for not less than six months while serving on active duty, as determined by the cognizant Secretary, during the period September 9, 1940, to June 30, 1946, and shall receive retired pay at the rate prescribed by law, computed on the basis of the base and longevity pay which he would receive if serving on active duty in such higher grade * * * [10]
In 1956, however, the Congress amended section 203(a) of the Yitalization Act by striking the words “during the period September 9, 1940, to June 30, 1946.”[11] Public Law *433 547, May 31, 1956; 70 Stat. 222.[12] Through deleting World War II dates in section 203(a), the amendment thus provided a uniform basis for retirement in the highest temporary grade by authorizing any officer, upon retirement, “to be advanced to the highest temporary grade in which he served for not less than 6 months on active duty * * * provided that Ms entire service was satisfactory as determined by the cognizant Secretary.” S. Rept. 2019, 2 U.S. Code Cong. News 2632 (1956). [Emphasis supplied.] [13] It is therefore apparent that under section 203 (a) of the Vitalization Act, as amended (10 U.S.C. § 8963(a)), the Secretary, in determining whether plaintiff’s service in the temporary grade of colonel was satisfactory, was duty-bound to consider all of plaintiff’s service in that grade rather than his World War II service alone. In so doing, the Secretary’s action was entirely consistent with the applicable statute and its stated Congressional purpose.
Plaintiff is not entitled to recover and his petition should be dismissed.
Findings op Fact
1. Plaintiff is a citizen of the United States and resides in San Antonio, Texas.
2. (a) Plaintiff, upon completion of training as a Flying Cadet in the Air Corps, United States Army, was commissioned a Second Lieutenant, Air Reserve, June 17,1938;
(b) Commissioned a temporary First Lieutenant, February 20,1941, and permanent First Lieutenant, June 17,1941;
(c) Temporary Captain, November 1,1941;
(d) Temporary Maj or, October 20,1942;
(e) Temporary Lt. Colonel, July 5,1943;
(f) Temporary Colonel, January 19, 1945;
*434 (g) Integrated in the Regular Air Force as a First Lieutenant, July 5, 1946, with date of rank April 22, 1944;
(h) Commissioned a permanent Maj or, Regular Air Force, September 3,1948, with date of rank July 1,1948;
(i) Commissioned a permanent Lt. Colonel, Regular Air Force, April 12, 1951, with date of rank October 19, 1950.
3. By letter dated January 28, 1961, plaintiff was advised by Headquarters Air Training Command, United States Air Force, Randolph Air Force Base, Texas, in part, as follows:
1. Section 10, Public Law 86-616, dated 12 July 1960, authorizes the Secretary of the Air Force to convene one or more boards, not more than once in each fiscal year, to review the records and recommend for continuation on the active list officers of the Regular Air Force serving in the permanent grade of colonel or lieutenant colonel who have at least 20 years of service under Section 8927, Title 10, United States Code (paragraph 29, AFM 35-7), and who have been considered more than twice but not recommended for promotion to the next higher regular grade. Officers who are considered but not recommended for continuation must be retired not later than the first day of the seventh month after the Secretary approves the report of the board which considered them.
2. A selection board recently convened under the above cited law considered but did not recommend you for continuation on the active list. The Secretary of the Air Force approved the board’s recommendation on 18 January 1961; therefore, your retirement not later than 31 July 1961 is mandatory. This is the last day permitted under the above referenced law and other applicable statutes * * *
4. Under date of February 2, 1961, plaintiff returned signed Form “Project 20-3-Certificate of Election For Retirement”, wherein plaintiff elected to be retired on July 31, 1961.
5. On February 14,1961, plaintiff pleaded guilty to a two-count criminal information filed by the United States Attorney in the United States District Court, Western District of Texas, charging plaintiff with misdemeanors for violating 18 U.S.C. § 641 which provides in part:
Whoever embezzles, steals, purloins, or knowingly converts to his use * * * any * * * thing of value of the United States * * * [s]hall be fined not more than *435 $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.
The first count of the information charged that on or about May 12, 1960, plaintiff “did knowingly and unlawfully embezzle, steal, purloin and convert to his own use, without authority, a thing of value to and property of the United States, to wit: One Marvel Model Four-Oubic Foot Electric Refrigerator * * *; One Six-Gallon Electric Hot Water Heater * * *, all of the value of less than $100.00, to wit: $81.50.” The second count of the information charged that on or about May 13,1960 plaintiff “did knowingly and unlawfully embezzle, steal, purloin and convert to his own use, without authority, a thing of value to and property of the United States, to wit: One Preway Model Four-Burner Gas Range with Oven * * *; One Wooden House Trailer Model Overhead Cabinet, all of the value of less than $100.00, to wit: $89.50.”
On the same day (February 14) as he pleaded guilty, the United States District Court fined plaintiff $1,000 on each of the two counts.
6. By letter dated February 15,1961, plaintiff was notified by the Commanding General, Air Training Command, United States Air Force, Randolph Air Force Base, Texas, that he was being recommended for elimination from the service in accordance with paragraph 11, AFR 36-2. The Statement of Reasons for the recommendation for elimination were as follows:
STATEMENT OE REASONS
1. Colonel John P. Randolph, 3971A, has exhibited conduct incompatible with exemplary standards of personal conduct, character, and integrity, in that on or about 12 May 1960 he did knowingly and unlawfully embezzle, steal, purloin and convert to his own use, without authority, a thing of value to and property of the United States, to-wit:
One Marvel Model Four-Cubic Foot Electric Refrigerator; and One Six-Gallon Hot Water Heater (Hot-Tot). Additionally, on or about 13 May 1960 he did knowingly and unlawfully embezzle, steal, purloin and *436 convert to his own use, without authority, a thing of value to and property of the United States, to-wit: One Preway Model Four-Burner Gas Range with Oven; and, One Wooden House Trailer Model Overhead Cabinet. For these offenses the officer was convicted and fined One Thousand Dollars on each of two counts on 14 February 1961 in United States District Court, Western District of Texas, San Antonio Division.
2. Colonel John P. Randolph, 3971A, has failed to demonstrate acceptable qualities of leadership required of an officer of his grade in that on or about 12 May 1960 he did knowingly and unlawfully embezzle, steal, purloin and convert to his own use, without authority, a thing of value to and property of the United States, to-wit: One Marvel Model Four-Cubic Foot Electric Refrigerator; and, One Six-Gallon Electric Hot Water Heater (Hot-Tot). Additionally, on or about 13 May 1960 he did knowingly and unlawfully embezzle, steal, purloin and convert to his own use, without authority, a thing of value to and property of the United States, to-wit: One Preway Model Four-Burner Gas Range with Oven; and, One Wooden House Trailer Model Overhead Cabinet. For these offenses the officer was convicted and fined One Thousand Dollars on each of two counts on 14 February 1961 in United States District Court, Western District of Texas, San Antonio Division. .
7. By letter dated April 13,1961, plaintiff was notified that he had been selected to show cause why he should be retained on the active list of the Regular Air Force. Plaintiff, by endorsement dated April 18, 1961, acknowledged receipt of same and indicated his desire to appear with counsel before a Board of Inquiry.
8. A Board of Inquiry, appointed by direction of the Secretary of the Air Force, convened at Randolph Air Force Base on June 1, 1961. A total of nine witnesses appeared for plaintiff. The Board, after considering all of the evidence, made the following findings:
That Colonel John P. Randolph has not exhibited conduct incompatible with exemplary standards of personal conduct, character and integrity, although on or about 12 May 1960 and 13 May 1960, he did improperly convert to his own use things of value to and property of the United States, to-wit: One Marvel model four-cubic foot electric refrigerator; one six-gallon electric *437 hot water beater (Hot Tot); one Preway model four-burner gas range with oven; and one wooden house trailer model overhead cabinet; it being the further finding of the board that such conversion was the result of errors of judgment in failing to follow proper procedures.
That Colonel John P. Randolph has not faded to demonstrate acceptable qualities of leadership required of an officer of his grade, although on or about 12 May 1960 and 13 May 1960 he did improperly convert to his own use things of value to and property of the United States, to-wit: One Marvel model four-cubic foot electric refrigerator; one six-gallon electric hot water heater (Hot Tot); one Preway model four-burner gas range with oven; and one wooden house trailer model overhead cabinet; it being the further finding of the board that such conversion was the result of errors of judgment in failing to follow proper procedures.
The Board made the following recommendation:
That the officer be retained on the active list.
The Board concluded with the following statement:
This case will be forwarded to Headquarters, USAF, for confirmation of your retention, and for further review by the Air Force Personnel Board to be determined whether you should be demoted to your permanent or intermediate grade.
9. The proceedings of the Board of Inquiry were forwarded by the Air Training Command to Headquarters, United States Air Force, on June 9, 1961, and submitted to the Air Force Personnel Board for review in compliance with paragraph 23a, Air Force Regulation 36-2,8 November 1957. The Air Force Personnel Board recommended that further action under AFR 36-2 regarding the question of demoting plaintiff be suspended in view of (i) plaintiff’s imminent retirement on July 31, 1961, and (ii) the determination of whether he should be advanced to the grade of colonel on the retirement list.
10. On July 27, 1961, the Secretary of the Air Force, on recommendation of the Air Force Personnel Board, directed that action under the provisions of paragraph 23a, AFR 36-2, be suspended in view of plaintiff’s mandatory retirement on July 31,1961. Also, it was determined by the Secretary of the Air Force “that the service of Colonel John P. *438 Bandolph, 3971A, who is to be mandatorily retired in his permanent grade of Lieutenant Colonel, does NOT meet the requirements set forth in Section 8963, Title 10, United States Code, as amended by Public Law 547, 84th Congress, and it is directed that he NOT be advanced on the retired list to the grade of colonel.”
11. The record also contains the following statement, dated July 27, 1961, over the signature of the Secretary of the Air Force:
I have determined that John P. Bandolph, 3971A, did not satisfactorily serve in the higher temporary grade of Colonel within the meaning of Section 8963, Title 10, United States Code.
12. Pursuant to Department of the Air Force Special Orders Number AB-6980, dated July 27,1961, plaintiff was retired effective July 31, 1961, in his permanent grade of lieutenant colonel, per Section 10, Public Law 86-616, and authorized retired pay per Section 8991, Title 10, United States Code.
13. Subsequent to plaintiff’s retirement, plaintiff filed an application with the Air Force Board for the Correction of Military Becords. By letter dated May 21, 1962, plaintiff was advised that the Air Force Board for the Correction of Military Becords had considered his application and determined that no corrective action was indicated in the case.
14. Throughout his service in the temporary grade of colonel, efficiency reports concerning plaintiff showed plaintiff to have served satisfactorily, and not to have served in an unsatisfactory manner.
15. There are no records, apart from the record forming the basis of the misdemeanor conviction in the United States District Court, which indicated that plaintiff served in an unsatisfactory manner during his service in the temporary rank of colonel, United States Air Force.
CoNClusxon or Law
Upon the foregoing findings of fact and opinion, which are adopted by the court and made a part of the judgment herein, the court concludes as a matter of law that plaintiff is not entitled to recover and the petition is dismissed.

 The opinion, findings of fact and recommended conclusion of law are submitted under the order of reference and Rule 57(a).

 This subsection provides: “A regular commissioned officer who is retired, or a reserve commissioned officer who is retired or to whom retired pay is granted, is entitled to a retired grade equal to the highest temporary grade in which he served on active duty satisfactorily, as determined by the Secretary of the Air Force, for not less than sis months.”

 This section (which was effective until June 30, 1965) provided that “(n]ot more than once in each fiscal year * * * the Secretary of the Air Force may convene one or more boards * * * to review the records of, and recommend for continuation on the active list, officers * * * on the active list in the regular grade of colonel or lieutenant colonel who have at least 20 years of service * * *, (for retirement purposes] and who have been considered more than twice but not recommended for promotion to the next higher regular grade.” The section further provided that a “board convened under this section shall recommend officers for continuation on the active listand that “if the Secretary approves the report of a board, he shall, not later than the first day of the seventh calendar month beginning after he approves that report, retire each officer who is considered but not recommended for continuation.”

 18 U.S.C. § 641 provides in part: “Whoever embezzles, steals, purloins, or knowingly converts to Ms use * * * any * * * tMng of value of the United States * * * [s]hall be fined not more than $10,000 or imprisoned not more than ten years, or both ; but if the value of suck property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.”

 AFR 36-2, dated November 8, 1957, prescribes the policy and procedures for eliminating or releasing an officer of the Air Force from active duty by reason of unfitness, unacceptable conduct or inefficiency. See 10 U.S.C. §§ 8781-86.

 Par. 23a of APR 36-2 provided in part: “When board of inquiry proceedings recommending retention of an officer are received in Headquarters USAF, the Air Force Personnel Board will review the file and, in the case of a Regular officer, may recommend that he be demoted to his permanent or intermediate grade, if serving in a higher temporary grade * * *”

 In the circumstances, the Secretary acted reasonably and lawfully in suspending action under par. 23a, AFR 36-2.

 In addition, on July 27, 1961, the Secretary signed a statement that he had “determined that [plaintiff] did NOT satisfactorily serve in the higher temporary grade of Colonel within the meaning of Section 8963, Title 10, united States Code.”

 In his brief plaintiff asserts that he was indicted on a felony charge and pleaded guilty to a misdemeanor to avoid the risk of a felony conviction which would have resulted in a loss of all retirement pay. Aside from the relevancy of this argument, there is nothing in the record to show that plaintiff was indicted on a felony charge, or that his motive in pleading guilty was as indicated.

 In Brownfield, which is somewhat similar to the present case, the court sustained as supported by substantial evidence the action of the Secretary in refusing to advance an officer on the retired list to his temporary grade of brigadier general since the record showed that though the officer’s efficiency ratings in that grade were “superior” or “outstanding”, he had been given an administrative reprimand by his commanding officer; he was put under investigation by two government agencies; he was relieved of his command and transferred to a different assignment; and he was indicted on a federal charge of conspiracy occurring in the performance of his official duties, albeit later acquitted.

 The report oí the Senate Committee on Armed Services to which plaintiff makes reference explained the pnrpose of 203(a) as follows (S. Kept. 1S43, 2 U.S. Code Cong. Service 2167 (1918)) : “Section 203(a) introduces a new basic retirement provision designed to benefit personnel of the Army and Air Force, including their Reserve components, who served in World War II, by providing that whenever sueh personnel are retired under any provision of law they may be advanced on the retired list to the highest temporary grade satisfactorily held, as determined by the cognizant Secretary, during the aforementioned period, and their retired pay may be computed on the basis of such higher grade. They must have held such rank for at least 6 months. * * *”
In addition to section 203(a) pertaining to World War II service, section 203(f) of the Vitalization Act provided that any Ai-my or Air Force officer of the- grade of major general or below who retired between August 7, 1917 and January 1, 1957 was to be advanced on the retired list to the higher temporary grade in which he was serving at the time of his retirement. This provision was without regard to determination of satisfactory service. 62 Stat. 1086; 10 U.S.C. § 1005 (1952).

 Congress at the same time repealed section 203(f).

 In. 1958 the statutes pertaining to the Armed Forces were codified (72 Stat. 1541) and the provisions of section 203(a), as amended, dealing with Air Force officers were placed in 10 U.S.C. § 8963(a).

 More particularly, the effect of the deletion of World War II dates was (i) to extend, as a matter of permanent law (with the addition of a 6-month satisfactory service requirement) the provisions of section 203(f) which were to expire on January 1, 1957; and (ii) to permit officers who held a higher temporary grade than that held at time of retirement to be advanced to that higher grade without the requirement of having held that grade within the World War II dates. Ibid.