**Roy A. BROWN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 488–82C.

United States Claims Court.

Dec. 22, 1983.

---

Mark L. Waple, Fayetteville, N.C., for plaintiff.

Richard W. Oehler, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant; Major Joyce E. Peters, Dept. of Army, Washington, D.C., of counsel.

## OPINION

NETTESHEIM, Judge.

Plaintiff has moved for summary judgment, defendant has cross-moved for summary judgment, and argument has been held.

## FACTS

The dispute in this military pay case concerns plaintiff's retirement rank or grade.

Plaintiff was commissioned into the Regular Army as a second lieutenant and remained on continuous active duty as a commissioned officer for 23 years and eleven months before voluntarily retiring on July 31, 1980. Plaintiff held appointments in both the Regular Army and the Army of the United States. The Army of the United States is the Army referred to in the Constitution of the United States of which the Regular Army is a component, as are the Reserves and the National Guard. On October 4, 1977, plaintiff was promoted to the rank of lieutenant colonel, the highest rank he achieved in the Regular Army.

Plaintiff was appointed to the temporary grade of colonel effective April 1, 1978, and, since this appointment was without reference to a component, his temporary appointment to the grade of colonel was in the Army of the United States. He was retired, however, as a lieutenant colonel. Plaintiff's petition concerns his retirement grade in the Army of the United States (the "Army"), not that held in the Regular Army.

The events precipitating plaintiff's retirement at the rank of lieutenant colonel arose shortly after his promotion. Plaintiff was stationed at Aachen, West Germany, as the area engineer with the Army Engineering Division, Europe, when he was promoted to the temporary grade of colonel. On August 24, 1978, plaintiff was ordered to Rome, Italy, to attend the NATO Defense College. Subsequently, plaintiff was directed to report on March 9, 1979, to Headquarters, Allied Forces Central Europe ("AFCENT"), in Brunnsum, the Netherlands, which is part of NATO headquarters. Plaintiff remained at this post until July 27, 1980, when he returned to the United States and was retired on July 31, 1980.

While plaintiff was stationed at AF-CENT, an investigation began of plaintiff's claims for travel, cost of living, housing, and relocation expenses related to his assignment to the NATO Defense College in Rome. On September 14, 1979, criminal court-martial charges were preferred against plaintiff. Plaintiff was charged initially with dereliction in the performance of his duties from September 20, 1978, to approximately February 8, 1979, in that he failed to report a change of status affecting his financial entitlements. The second charge was that on September 20, 1978, plaintiff, with intent to deceive, signed an official record, which falsely showed his subsistence requirements by representing that his wife and three children had travelled to Rome, Italy, and resided there with him. The third charge alleged that plaintiff presented false vouchers while in Rome. Two of the vouchers were dated in October 1978, while the vouchers involved in the other three specifications involved periods from September 9, 1978, to about March 7, 1979, although the dates of the vouchers are not indicated. The fourth charge was that on June 18, 1979, plaintiff made a false statement in requesting an exception on the housing list because of financial strain when he was residing in economy housing.

An investigation of the charges was conducted, pursuant to article 32 of the Uniform Code of Military Justice, 10 U.S.C. § 832 (1976), culminating in an Investigating Officer's Report on December 17, 1979. Amended charges were preferred against plaintiff. The first alleged false claims involving the relocation to Rome and subsistence for plaintiff's dependents there, among other matters. The second charge alleged that plaintiff had been absent without leave on two occasions one of which occurred between August 25, 1978, and September 3, 1978, and the other from December 22, 1978, to January 2, 1979. The third charge concerned a false sworn statement made by plaintiff concerning the travel of his sons while he was stationed in Rome.

On March 14, 1980, article 15 nonjudicial punishment, 10 U.S.C. § 815, was recommended over article 32 court-martial proceedings, "provided that COL Brown agrees to immediate retirement." Upon approval of the recommendation, plaintiff requested voluntary retirement on March 14, 1980. The charges in the article 15 proceeding consisted of three specifications of dereliction of duty for actions taken while plain-

tiff was in Rome, one specification for making a false claim involving the travel of his dependents and the false representation that such travel had occurred, and two specifications involving absences.

The amounts involved in these alleged transgressions were $1,696.52 in the article 32 charges, as amended, and $1,301.92 in the less inclusive article 15 charges, excluding in both sets of charges the amount for the "with dependent" rate of housing allowances, which amount does not appear separately in the record. Plaintiff was required under the article 15 proceeding to forfeit $2,778.00 and elected not to appeal his punishment.[1]

Plaintiff's request for voluntary retirement was processed under 10 U.S.C. § 3911 (1976), apart from either the article 32 or 15 proceedings. Section 3911 provides for the Secretary of the Army to retire an officer who has at least 20 years' service at the latter's request. Determinations of retired grade are provided for in 10 U.S.C. §§ 3961–66. As a general rule, an officer retires at "the regular or reserve grade that he holds on the date of his retirement." 10 U.S.C. § 3961. In plaintiff's case this was his regular commission as lieutenant colonel in the Regular Army. However, 10 U.S.C. § 3963(a) provides:

> A regular commissioned officer who is retired, or a reserve commissioned officer who is retired or to whom retired pay is granted, is entitled to a retired grade equal to the highest temporary grade in the Army in which he served on active duty satisfactorily, as determined by the Secretary of the Army, *for not less than six months.*

(Emphasis added.)

Under section 3963(a), plaintiff thus was eligible to be retired at the grade of colonel in the Army, the grade at which he had served temporarily since April 1, 1978.

The Army has provided for administrative determinations of retired grades. By

date of February 25, 1975, a memorandum for the Chief of Staff, U.S. Army was promulgated, entitled "Grade Determination for Retirement or Retired Pay," by the then-secretary of the Army (the "Retired Pay Memorandum"). The Retired Pay Memorandum provides standards for determining satisfactory service:

> Service will be deemed not to have been served satisfactorily under the following provisions:

> \* \* \* \* \* \*

> b. When reversion to a lower grade was (1) expressly for prejudice or cause, (2) due to misconduct, or (3) punishment pursuant to Article 15, U.C.M.J. or court-martial action.

> c. When there is information in the individual's service record to indicate clearly that the highest grade was not served satisfactorily.

*Id.* ¶ 5.

Paragraph three of the Retired Pay Memorandum provides that a determination of retirement grade be forwarded to the Adjutant General or the Commander, U.S. Army Military Personnel Center ("MILPERCEN"), "who will take final action in those cases where the member's service in the highest grade is clearly satisfactory." Cases not decided by MILPERCEN are forwarded to the Secretary of the Army's Ad Hoc Review Board for final determination.

Plaintiff's March 14, 1980 request for voluntary retirement was forwarded to the Army Ad Hoc Review Board, accompanied by a memorandum from Brig. Gen. Serio to the Commander of MILPERCEN. This memorandum recommended approval of the request for retirement. The memorandum also reviewed the article 32 investigation and the decision to waive that in favor of article 15 nonjudicial punishment, provided "COL Brown agrees to immediate retirement."

---

1. Plaintiff does not seek to overturn his nonjudicial punishment and to recover forfeited·pay. Such an action would have entitled him to some review of the procedural aspects of the

article 15 proceedings. *See Cochran v. United States,* 1 Cl.Ct. 759, 764–66, *reh'g denied,* 3 Cl.Ct. 3 (1983) (MILLER, J.).

On June 30, 1980, the Ad Hoc Review Board met and considered whether plaintiff "has served satisfactorily in his highest and present temporary grade, Colonel (0–6)." The board's deliberations were not recorded. At the conclusion of its proceedings, the board "determined that Colonel Roy A. Brown did not serve satisfactorily in his highest and present temporary grade, Colonel (0–6)." Thereafter, on July 7, 1980, the Deputy Assistant Secretary of the Army, acting for the Secretary, sent to the Commander of MILPERCEN a notice of approval of the retirement board's advisory decision that "the application of Colonel Roy A. Brown for retirement be accepted and that he be retired and placed on the retired list in the grade of lieutenant colonel."

Plaintiff was retired effective July 31, 1980. Under advice of counsel, plaintiff did not sign his certificate of release or discharge from active duty.

Plaintiff then applied to the Army Board for the Correction of Military Records (the "ABCMR") on April 2, 1982, requesting that he be placed on the retired list in the grade of colonel, effective August 1, 1980, the date on which he was placed on the retired list in the grade of lieutenant colonel. The ABCMR's decision was rendered on February 2, 1983. In an eight-page opinion, the ABCMR concluded:

> [B]ased on the applicant's serious deeds of misconduct, starting within five months of his being promoted to COL (0–6), the Secretary's determination appears to be based on substantial evidence, and his finding that the applicant's highest grade satisfactorily held was LTC (0–5) does not appear to be arbitrary or capricious. Therefore, the applicant was properly retired at the grade of Lt. Col. (0–5) and there is no basis on which to correct his records as requested.

## DISCUSSION

### Jurisdiction

By this action plaintiff seeks all back pay and allowances for the retired military pay grade of colonel and to be placed on the military retired list in the retired pay grade of colonel, retroactive to his date of retirement. The jurisdiction of this court is invoked under 28 U.S.C. § 1491(a) (West Supp.1983), based upon defendant's alleged violation of 10 U.S.C. § 3963(a) and an alleged denial of administrative due process of law, both procedural and substantive.[2]

While acknowledging that this court has jurisdiction under 28 U.S.C. § 1491(a)(2) to award relief other than money damages, when that relief is "an incident of and collateral to any such [money] judgment," defendant argues that plaintiff has not asserted an independent claim for monetary relief. As defendant characterizes it, plaintiff seeks correction of his record to grant him the equivalent of a retroactive promotion, which does not involve an independent monetary claim, but is a claim contingent upon the Secretary of the Army's discretionary determination of plaintiff's retirement grade pursuant to 10 U.S.C. § 3963(a), quoted *supra* p. 177. This provision, defendant argues, requires both that the officer serve on active duty in the temporary grade for at least six months and that the officer's service be determined by the Secretary to be satisfactory. If both conditions are met, the officer "is entitled to a retired grade equal to the highest temporary grade . . . ." Defendant maintains that the determination of whether an officer served satisfactorily is discretionary and not qualified by any statute, regulation, or directive.

Although plaintiff served on active duty in the temporary grade of colonel, his appointment, according to defendant, was vacated upon his retirement under 10 U.S.C. § 3447(c), which provides, "The President may vacate at any time a temporary appointment in a commissioned grade." Defendant claims that the Secretary's authority to vacate such an appointment is also discretionary, citing *Koster v. United States,* 231 Ct.Cl. ——, 685 F.2d 407, 413 (1982), a case that more pertinently speaks to section 3963(a).

2. Plaintiff's attempt to base jurisdiction on 28 U.S.C. § 1346 (1976), is summarily rejected.

Plaintiff contends that under section 3963(a) he was entitled to retire at the pay grade of colonel and that defendant violated this statute when it retired him at the grade of lieutenant colonel. It is true that section 3447(c) involves the President's discretion to vacate a temporary appointment, presumably while the appointee is in active service. Factors other than an officer's satisfactory service can influence the President's vacation of a temporary appointment under section 3447(c). In contrast, section 3963(a) involves retirement grade and could entitle an officer to retirement at his temporary grade—provided the requirements of the provision had been satisfied—even though pursuant to section 3447(c) he had been reduced in rank after six months of satisfactory service.

 This court has no authority to order a promotion absent a statute or regulation entitling plaintiff to the promotion as a matter of law. *E.g., Alford v. United States,* 3 Cl.Ct. 229, 231 (1983) (citing cases) (YOCK, J.). Plaintiff's jurisdictional hurdle is that a clear-cut entitlement to the promotion cannot be premised on a determination wholly within the discretion of the Secretary, and *Koster v. United States,* 685 F.2d at 413, forecloses this court's exercising jurisdiction.

In *Koster* a brigadier general, who served over six months in the temporary rank of major general, was retired from the service after he was accused of dereliction of duty in permitting an inadequate investigation of the circumstances of the My Lai massacre in the Vietnam war. When Koster retired, the Secretary determined under section 3963(a) that Koster's service at the temporary grade of major general had not been satisfactory and thus retired him at the grade of brigadier general. One of Koster's claims was that the Secretary's judgment of unsatisfactory service was contrary to law. The Court of Claims dismissed this claim as beyond its jurisdiction because, under *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), the court can only review a claim seeking an entitlement to money, not a claim

amounting to a request for remand for a new determination of entitlement that is committed by section 3963(a) to the Secretary's discretion. Thus, whether plaintiff's claim is phrased as a constitutional due process claim based on the exercise of discretion, as opposed to any procedural defect, or as one for judicial review of the administrative decision based on the exercise of discretion, this court lacks jurisdiction. *Koster* is a decision of the Court of Claims and is binding on this court, General Order No. 1, 1. Cl.Ct. Rules XXI (1982), and therefore plaintiff's claim must be dismissed for lack of jurisdiction.

Although the court is of the view that the holding in *Koster* controls, language in that opinion permits a different interpretation which would require the Secretary's decision to have been supported by substantial evidence. The relevant passage reads:

The determination of satisfactory performance is committed by statute to the Secretary. 10 U.S.C. § 3963 (1976). Thus, even if this court were to determine that the Secretary's decision is reviewable, for example for a constitutional violation, *see Mindes v. Seaman,* 453 F.2d 197 (5th Cir.1971), this court could not affirmatively remake it as plaintiff asks us to do. *Nor will the court substitute its own judgment where the administrative decision is supported by substantial evidence....* A remand to an agency to make a determination that this court is not competent to make, without any immediate entitlement to money, is just the type of decision that was held to be beyond the power of the court in *Testan.* Accordingly, we must hold that this claim is not one that we can decide.

685 F.2d at 413 (citations and footnote omitted; emphasis added).

This language suggests that the court cannot act affirmatively in place of the Secretary, but also suggests—by a negative inference—that the court's judgment might be substituted "where the administrative decision is [not] supported by substantial evidence." A strong indication that the Court of Claims intended to bar judicial

intervention is the court's statement that, even assuming a constitutional violation, the court cannot remake a discretionary decision committed to the Secretary. Nonetheless, although holding that jurisdiction is not present, out of an abundance of caution the court has examined the evidence available to the Secretary and his delegatee, the Ad Hoc Review Board, when the latter made its advisory decision to retire plaintiff at the rank of lieutenant colonel on the basis of unsatisfactory performance.

*Review of the Secretary's Discretionary Determination*

In *Koster* the Court of Claims cited cases involving review of determinations of satisfactory service for retirement in temporary grades. 685 F.2d at 413 (citing *Randolph v. United States,* 179 Ct.Cl. 425 (1967), and *Brownfield v. United States,* 148 Ct.Cl. 411 (1950)). The Court of Claims demurred to the proposition that these cases were precedent for reviewing satisfactory service determinations by stating that "[j]urisdiction was not argued to the court, and the opinions do not address it." 685 F.2d at 413 n. 6. Thus, distinguishing *Randolph* and *Brownfield,* the court was free to decide the jurisdictional issue in *Koster.*

In *Randolph* the dispute centered around 10 U.S.C. § 8963(a), which mirrors section 3963(a), but applies to the Air Force. Plaintiff in *Randolph* was retired at the temporary grade of lieutenant colonel, although during his 16 years of service[3] in the temporary grade of colonel "his efficiency reports showed that his service was satisfactory." 179 Ct.Cl. at 427. However, five months before his retirement plaintiff had pleaded guilty in U.S. district court to a misdemeanor charge of "embezzling, stealing, purloining and converting to his own use ... property of the United States ...." 179 Ct.Cl. at 428. Plaintiff in *Randolph* argued that there was no substantial evidence for the Secretary to determine

that his service had not been satisfactory in the temporary grade of colonel and that the determination therefore was arbitrary. The court rejected that contention stating that the misdemeanor conviction "was substantial support for the Secretary's determination that plaintiff did not serve satisfactorily in the higher temporary grade of colonel within the meaning of 10 U.S.C. § 8963." 179 Ct.Cl. at 430 (footnote omitted).

In *Brownfield* plaintiff claimed an entitlement to additional active duty and retirement pay on the basis, in part, that the Secretary of the Air Force under a similar statute arbitrarily and without substantial evidence determined that plaintiff had not performed satisfactory service in his highest temporary rank as determined by 10 U.S.C. § 8963(a). Plaintiff argued that during service he had always received ratings of "superior" or "outstanding" and was reported to be qualified for promotion to major general. Thus, the determination by the Secretary that his service as brigadier general was unsatisfactory could not be justified. The Court of Claims rejected this argument:

> We prefer to think that good efficiency ratings may raise a presumption of satisfactory service which the Secretary may reject after considering other pertinent factors. There is no requirement imposed by statute or regulation which restricts the Secretary's review solely to efficiency ratings.

148 Ct.Cl. at 418. Among the evidence noted by the court which properly could have influenced the Secretary's decision were an administrative reprimand, an investigation by two federal agencies, plaintiff's being relieved of command and being transferred, and his indictment by a federal grand jury on conspiracy charges.

**3.** Plaintiff argues that only that conduct occurring within six months from the date of rank, March 4, 1978, can be considered. Under this reasoning only the nine-day absence without leave occurred within six months, or by September 4, 1978. As defendant points out, *Ran-*

*dolph* involved review of conduct over 16 years during which the plaintiff served in temporary rank. Moreover, the statute textually supports the construction that six months is a minimum period.

Defendant has presented the court with another case, *Roberts v. United States,* 151 Ct.Cl. 360 (1961), which involved a determination by the Secretary not to award plaintiff retirement at his temporary grade. "We are not inclined to accept the argument that plaintiff served satisfactorily as captain merely because his efficiency ratings and retirement commendation may have indicated that his service was honorable during this period." 151 Ct.Cl. at 365–66. Although the language in *Roberts* is dictum, it provides further indication of the character of the evidence which may support a determination by a Secretary that an individual's performance at a temporary grade of six months or more was less than satisfactory.

In the case at bar, plaintiff was subjected to article 15 nonjudicial punishment for misrepresenting his entitlements to dependent travel and residence allowances, as well as for an incident of false swearing in connection with investigation of those occurrences. The scope of the article 15 proceedings permissibly included plaintiff's activities beyond six months after his April 1, 1978 promotion through January 4, 1979.[4] In light of the *Randolph, Brownfield,* and *Roberts* decisions, these activities of plaintiff provided substantial evidence upon which the Secretary could determine that plaintiff's service during the six months after his appointment to the temporary grade of colonel was not satisfactory.

## CONCLUSION

Plaintiff's motion for summary judgment is denied, and defendant's cross-motion is granted. The Clerk of the Court shall dismiss the petition for lack of jurisdiction of the subject matter.

IT IS SO ORDERED.

4. *See supra* note 3.