"This case is before us on petition and motion to dismiss. The latter asserts (1) res judicata or collateral estoppel; (2) statute of limitations, and (3) lack of jurisdiction under the doctrine of United States v. Testan, 424 U.S. 392 (1976). To sustain the motion we would have to hold that under no interpretation of the petition allegations could plaintiff have a cause of action. We cannot so hold, but our denial of the motion is of course without prejudice to defendant’s moving for summary judgment and divulging to the court the facts with which its files must be replete.
"Plaintiffs prior suit in this court, Brownfield v. United States, 148 Ct. Cl. 411 (1960), reveals that he was a permanent colonel appointed to be a temporary brigadier general in the United States Air Force, in 1951. After over four years of service in that rank, during which his ratings were 'superior’ and 'outstanding,’ in 1955 he received a reprimand and applied for voluntary retirement. This was for the time denied and he was reverted to his permanent grade on September 30. On March 31, 1957, he was retired in his permanent grade. Thereafter, he was indicted on a charge of 'conspiracy.’ The charges involved his relations *827 with civilian contractors. He was acquitted, but the Secretary refused to restore his grade, determining that his service in the 'temporary’ rank of brigadier general had not been 'satisfactory’ for even the six months the statute, 10 U.S.C. § 8963(a), would have required for retirement in the temporary rank.
"He did not apply at that time to the Air Force Board for Correction of Military Records, but directly to the Secretary. This court held in its 1960 decision that resort to the AFBCMR was not a mandatory exhaustion of remedies, but that the Secretary’s refusal of relief was not contrary to law, arbitrary and capricous, or lacking in support of substantial evidence.
"According to the petition allegations, plaintiff applied on October 12, 1973, to the AFBCMR to have his military record corrected. He had a hearing and testimony was taken, and documents filed. What he showed the petition does not reveal, but the Board was so far persuaded that it concluded that plaintiff had been the victim of an injustice. It recommended a record correction to show that he was advanced on the USAF retired list to brigadier general, effective July 1, 1975. The Assistant Secretary, however (presumably under properly delegated authority), received the advice of several persons, including 'a Colonel Lineberger,’ and decided that he refused to approve the recommendation and that the record supported no finding of error or injustice. The merits of the Assistant Secretary’s determination are not before us and are reserved for a later date under the piecemeal system of adjudication the defendant has invoked.
"As regards defendant’s ground (1), we cannot say that a judgment such as defendant won here in 1960 always and invariably bars a Board under 10 U.S.C. § 1552 from correcting a record effective at a later date. This would depend on the Board’s grounds, of which the parties tell us almost nothing. It would be one thing if it simply disagreed with the court as to the facts or law, and another if, e.g., it granted relief on fraud on the court, newly discovered evidence, or injustice not amounting to an error of law.
"As regards ground (2), plaintiff quite clearly is attacking the Secretary’s decision of 1975 on which limitations have *828 not run. He raises the question whether the Board’s recommendation per se generated certain rights, even if mere advice by other subordinate or staff officials would not. In the most recent reported instance in this court of a Secretary rejecting an AFBCMR recommendation, Boyd v. United States, 207 Ct. Cl. 1 (1975), cert. denied, 424 U.S. 911 (1976), the panel agreed with the Secretary and questions raised in the concurring opinion, p. 13 and ff, were not answered. By invoking the statute of limitations, defendant asserts by implication here that the Board had nothing new to adjudicate and/or that its recommendation to the Secretary was without legal significance, and, therefore, that the cause of action accrued, if at all, at a much earlier date. These matters may need to be adjudicated in this case and must be so adjudicated on the basis of the record as to what the Board and the Secretary actually decided. We cannot assume answers to these questions in defendant’s favor for purposes of passing on its statute of limitations plea.
"As to defendant’s Testan point, (3), it has asserted in other cases since that decision that all our precedents reviewing and overturning decisions under 10 U.S.C. § 1552 must be abandoned because we have no jurisdiction in the area that meets the Supreme Court’s test. If we must dismiss on motion here, without knowing (a) the grounds on which plaintiff applied to the Board, or (b) the grounds on which the Board recommended relief, or (c) the grounds on which the Secretary denied relief, we would be holding that Testan bars jurisdiction on the most favorable assumptions to plaintiff as to these matters that could be made within the petition allegations. It is true that according to the petition, the Board found an 'injustice,’ but the Secretary said 'the record supports no finding of error or injustice.’ We do not think we are required by these conclusory characterizations to deduce on motion to dismiss that the issues involved only 'injustice,’ not 'error.’ Should we decide this case in its present posture, by dismissal order, it might turn out we had established a precedent of great importance to other cases on what may turn out to be moot facts. It will not be much of a hardship for defendant to make a motion for summary judgment *829 with adequate documentation so we can tell what we are deciding.
"Accordingly, on the petition, the motion, and the briefs of the parties, but without oral argument, the motion to dismiss is denied with leave to file a motion for summary judgment.”