On April 6, 1979 the court entered the following order:
Before Friedman, Chief Judge, Cowen, Senior Judge, and Kunzig, Judge.
*613 The plaintiffs in these two cases, consolidated for purposes of the government’s motion to dismiss, now before the court, allege that the Oregon Dunes National Recreational Area Act, 16 U.S.C. § 460z ("the Act”), and subsequent administrative action taken pursuant to the Act, constitute a taking of their property without just compensation in violation of the fifth amendment.
The Act, enacted in 1972, established a national recreation area located in the Siuslaw National Forest, and an Inland Sector, or buffer zone, consisting of privately-owned land located near the recreation area. The plaintiffs own land in the Inland Sector. Although the Act does not provide for direct control over the private use of Inland Sector land, Section 7 states that commercial or industrial improvements to property located in the buffer zone are immune from condemnation only if certified by the Secretary of Agriculture or his designee as compatible with the purposes of the Act. The Forest Service serves as designee for purposes of Section 7.
Under the Act, private owners of Inland Sector property retain the right to develop their land with or without the prior certification of the Forest Service. If, however, the Forest Service were to deny an application for prior certification, the owner and other parties to the development plan would be placed on notice that, if they implemented their plan, the property would be subject to immediate^condemnation. If an owner were to make improvements without seeking prior certification, those improvements would be subject to a subsequent administrative finding of inconsistency with the purposes of the Act, which would deny them protection from condemnation. Loss of protection, however, would not result automatically in condemnation.
Contrary to the defendant’s contention, the plaintiffs, in their respective petitions, do not rely exclusively upon the provisions of the Act, or upon the mere threat of condemnation. The Riley petition, filed November 18,1977, states that the plaintiffs acquired their property for the purpose of utilizing it for its highest and best use consistent with applicable zoning requirements. The Riley and McKeown petitions both state that, pursuant to the Act, the Forest Service had adopted a general land use plan for *614 lands located in the Inland Sector. The petitions further allege that, according to this plan, the plaintiffs could not develop their land on a subdivision or planned unit development for residences or even summer homes, since the only purposes to be certified would be access roads, trails, tenting and recreational vehicle pads and duck blinds. Riley Petition at 3; McKeown Petition at 4. The plaintiffs conclude in their petitions that, as a result of the Act, the Forest Service’s land use plan, and the imminent threat of condemnation, the plaintiffs suffered a 90 percent diminution in the value of their lands.
On January 19, 1979, the McKeown plaintiffs filed a supplemental petition alleging that they had applied for certification of a plan to construct three single-family dwelling units on one of their parcels, and that, pursuant to the general land use plan, the Forest Service refused to certify the proposed improvements. At oral argument, counsel for the McKeowns offered to prove at trial that, as a result of the statutory scheme and subsequent administrative action, the plaintiffs’ land, in practical terms, has not merely diminished in value, but has been rendered worthless. Counsel for the Rileys did not appear at oral argument but, in a Memorandum filed August 7, 1978, conceded that the Act, by itself, was not a taking. Counsel offered to prove at trial that the Rileys (1) have requested permission from the appropriate authorities to use the property as zoned and have been refused, and (2) have been deprived of any use of their property.
In view of the allegations in the petitions and the plaintiffs’ offers of proof, the court cannot now conclude that "plaintiff is not entitled to recover on any possible state of facts consistent with the petition.” Mooney v. United States, 204 Ct. Cl. 900 (1974). See also Brownfield v. United States, 214 Ct. Cl. 826 (1977); Hillard v. United States, 218 Ct.Cl. 741 (1978). We deny, therefore, the government’s motion to dismiss, without prejudice to any motions for summary determination which may follow further development of the facts.
it is therefore ordered that the defendant’s motion to dismiss is denied and the case is remanded to the Trial Division for further proceedings in accordance with this opinion.