Military pay; limitation of actions; tolling of statute; legal incompetence. — On April 18, 1980 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Smith, Judges.
This pro se military pay case comes before the court on defendant’s motion to dismiss. Plaintiff was discharged from the United States Air Force for unsuitability on January 9, 1965. The unsuitability discharge which plaintiff received was based on a medical evaluation determining that he was unable to accept responsibility. In his petition, plaintiff claims the medical evaluation and resultant discharge were illegal. Thus, he seeks back pay plus interest and reinstatement.
Defendant has moved to dismiss the claim as barred by our six-year statute of limitations. 28 U.S.C. §2501 (1976). While defendant is correct that a claim for active duty pay on the ground of illegal discharge accrues at once upon the member’s discharge and suit must be brought within six years of that date, Kirby v. United States, 201 Ct. Cl. 527 (1973), cert. denied, 417 U.S. 919 (1974), the statute of limitations is subject to tolling in certain circumstances. See Goewey v. United States, 222 Ct. Cl. 104, 612 F.2d 539 (1979); Japanese War Notes Claimants Ass’n v. United States, 178 Ct. Cl. 630, 634, 373 F.2d 356, 359, cert. denied, 389 U.S. 971 (1967).
Although plaintiff, pro se, has not provided us with model pleadings, it is clear from his petition that he alleges he suffered from a "severe disorder” upon discharge. Moreover, in his answer to defendant’s motion, he twice alleges that he was legally incompetent in 1965. He also states that he was deemed mentally sound in 1978.
*755 As we have noted before, on a motion to dismiss we are compelled to take as true all facts the claimants have pleaded, Aleut Community of St. Paul Island v. United States, 202 Ct. Cl. 182, 480 F.2d 831 (1973), and read the pleadings in the light most favorable to the party against whom judgment is sought. United States v. Native Village of Unalakleet, 188 Ct.Cl. 1, 14, 411 F.2d 1255, 1261 (1969). "To sustain the motion [to dismiss] we would have to hold that under no interpretation of the petition allegations could plaintiff have a cause of action.” Brownfield v. United States, 214 Ct. Cl. 826 (1977). Taking these rules into consideration, although plaintiff may be unable to meet the burden of proof required to show legal incompetence sufficient to toll the statute of limitations, see Goewey v. United States, supra, the issue has been raised. Given defendant’s total failure to address this issue, we must deny the motion to dismiss.
Since a well-supported motion for summary judgment may be appropriate, our denial is without prejudice to defendant’s moving for summary judgment supported by the necessary facts. See Mooney v. United States, 204 Ct. Cl. 900, 901 (1974). But see Goewey v. United States, supra.
Accordingly, it is ordered, upon thorough consideration of the petition and parties’ submissions, but without oral argument, that the motion to dismiss is denied with leave to file a motion for summary judgment if appropriate.