per curiam:
Both parties move for summary judgment on the issue of whether the Oregon Dunes National Recreational Area Act, 16 U.S.C. § 460z (the Act), and administrative action taken under the Act, constitute a taking of plaintiffs’ property without just compensation in violation of the fifth amendment. Our earlier order in these cases of April 6, 1979 (220 Ct.Cl. 612), denied defendant’s motion to dismiss, without prejudice to subsequent motions for summary judgment.
We have heard oral argument and considered the briefs and voluminous exhibits. We are satisfied that, with one exception, the relevant issues cannot be decided on summa *731 ry judgment but require much further development of the facts, most probably including a trial. We think this is true both of the question whether the Act, on its face, constituted a taking of plaintiffs’ property[1] and of the separate issue of whether subsequent administrative actions constituted a taking. We shall therefore remand the case, once again, to the Trial Division for further proceedings.
The one issue we do decide is that the Riley plaintiffs are no longer bound by the early concession by their prior counsel that the Act itself was not a taking. Present counsel for the Rileys expressly repudiates that concession and seeks to withdraw it. We grant that request and free the Rileys to contend on remand that the Act itself was a taking as to them.[2] The McKeowns are already free to do so (and therefore the issue will have to be decided), and we see no benefit to justice or to the further proceedings to continue to bar the Rileys from also doing so.
Accordingly, plaintiffs’ motion is granted to the extent just stated and is otherwise denied without prejudice. Defendant’s motion is denied without prejudice. The case is remanded to the Trial Division for further proceedings.
Defendant’s motion for rehearing en banc and/or to alter or amend judgment was denied July 23,1982.

 We do not understand our prior order of April 6,1979, as holding that the Act, on its face, did not constitute a taking as to plaintiffs’ property if sufficient facts warranting that conclusion were shown as of the date of enactment.

 In this respect we vacate the trial judge’s order of January 14,1981, which ruled that, as to the Rileys, there was no claim before the trial judge that the Act itself constituted a taking.