**Senior Master Sergeant David L. WEBB, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 726–87C.

United States Claims Court.

June 20, 1988.

Robert B. Warren, Colorado Springs, Colo., for plaintiff. Warren, Mundt, Martin & O'Dowd, of counsel.

James M. Kinsella, with whom were Asst. Atty. Gen. John R. Bolton, David M. Cohen, and Mary Mitchelson, Washington, D.C., for defendant. Steven J. Pecinovsky, U.S. Air Force, Washington, D.C., of counsel.

## OPINION

BRUGGINK, Judge.

Plaintiff is a former Air Force enlisted man. He appears before the court seeking back pay and retirement pay. Presently pending is defendant's motion to dismiss. Two grounds are offered in support of the motion. Defendant first contends that the claim for retirement pay should be dismissed under RUSCC 12(b)(1) because the

---

**4.** Defendant also argues correctly that the mortgage was not acknowledged properly on behalf of Fireside.

court lacks jurisdiction to hear it. The second ground for dismissal is that no part of the action is ripe for resolution and the entire claim should be dismissed under RUSCC 12(b)(4). For the reasons discussed below, the claim is dismissed without prejudice because it is premature.

## BACKGROUND FACTS

Despite the submission of materials outside the pleadings, the court elects not to convert the rule 12(b)(4) aspects of defendant's motion to a motion for summary judgment. Rather, the court will assume for purposes of the motion to dismiss that the plaintiff could support the allegations made in the complaint and its attachments.[1] Matters outside the pleadings will not be considered therefore, except for regulatory materials.

Webb held the rank of Senior Master Sergeant until his separation on May 8, 1987. In 1980, he was assigned to Clark Air Force Base in the Philippines as a contracting officer ("CO"). Webb applied for and, in June 1983, was granted retirement, to be effective January 1984.

In October 1983, Webb was informed that he was under investigation in connection with his duties as a CO. He was placed on administrative hold and his retirement date was rescinded. In May 1984, Webb was informed that his retirement was suspended pending the outcome of the investigation. On June 7 he was formally charged under the Uniform Code of Military Justice. Two more investigations were conducted and additional charges were later brought.

While on emergency leave in the United States in February 1985 to visit his sick wife, Webb was arrested on charges brought in the United States District Court for the Northern District of California. The charges were based on several of the same allegations made part of the court martial proceeding. At the request of the Government, the court placed bail restrictions on Webb that prevented him from returning to Clark Air Force Base, his duty station, and where the court martial charges were still pending.

According to Webb, during this period he was carried in a status akin to civilian confinement. He was not placed in a duty status and received no pay. He was subject to travel restrictions and was turned away when he offered to work at an Air Force installation in the United States.

In March 1987 the district court allowed Webb to return to the Philippines to complete the court martial proceedings. Those charges were dismissed based on the military judge's determination that Webb's right to a speedy trial had been violated. Webb was subsequently returned to the United States and separated without retirement on May 8, 1987. Webb's requests for back pay and retirement pay were denied.

Webb filed his complaint here on November 30, 1987, alleging that the Government's deprivation of back pay during his non-duty status and its withholding of retirement benefits is wrongful. The criminal action is still pending in district court.

## DISCUSSION

### A. Jurisdiction

Defendant challenges the court's jurisdiction with respect to the retirement pay claim, arguing that because the determination of whether Webb is entitled to retirement is a discretionary one under 10 U.S.C. § 8914 (1982),[2] Webb has no statutory or regulatory entitlement to money. Webb responds that the determination not to grant retirement may nevertheless be reviewed to determine if it was arbitrary or capricious.

---

1. The complaint refers to three exhibits. No attachments were filed with the complaint. The references are to two motions filed in Webb's court-martial action and a summary of events. Copies of all three exhibits appear as attachments to Webb's response to defendant's motion to dismiss and have been considered.

2. "[A]n enlisted member of the Air Force who has at least 20, but less than 30, years of service . . . may, upon his request, be retired." 10 U.S.C. § 8914.

■ While the court would normally resolve outstanding jurisdictional issues as an initial consideration, here it declines to do so. First, although defendant's position is persuasive, the issue is not clear-cut. The court rejects defendant's argument that merely because the relevant entitlement statute uses the term "may" rather than "shall," retirement issues are beyond judicial scrutiny. Matters left to administrative discretion are frequently subject to review,[3] including, for example, determination of entitlement to disability retirement[4] or mandatory retirement.[5] An additional example of judicial review of discretionary actions is provided by Webb's claim for back pay, which raises an issue as to whether his absence should be excused as unavoidable. In *Borys v. United States*, 201 Ct.Cl. 597, 607 (1973), *cert. denied*, 414 U.S. 1001, 94 S.Ct. 355, 38 L.Ed.2d 237 (1973), the Court of Claims set forth the standard of review for refusals to excuse such absences:

> Whether or not a member's absence should be excused as unavoidable is an administrative determination made by the military authorities based on the facts involved in each case. It is a decision involving discretion and will not be disturbed by the courts in the absence of a showing that the decision was arbitrary, capricious, or unlawful.

■ Moreover, as the Court of Claims concluded in *Brown v. United States*, 184 Ct.Cl. 501, 503, 396 F.2d 989, 991 (1968), the fact that an agency determination may be discretionary and hence subject to deference does not necessarily preclude review; it may simply limit the nature of the review:

> The customary rationale of the limited scope of judicial review of agency determinations is that deference should be accorded the judgment of an administrative decision-maker, either because the legislature granted it a measure of discretion on facts or policy, or because of the agency's expertise in handling the subject matter. Most often, this leads to confining court intervention to instances in which the administrative decision was arbitrary and capricious, inconsistent with applicable statutes or regulations, or unsupported by substantial evidence.

Defendant is correct, however, that many military administrative matters are so discretionary and so lacking in meaningful review standards that they have been treated by courts as nonjusticiable. *See Gilligan v. Morgan*, 413 U.S. 1, 10, 93 S.Ct. 2440, 2446, 37 L.Ed.2d 407 (1973) ("decisions as to training, equipping, and control of a military force are essentially professional military judgments," not subject to

---

**3.** *See, e.g., United States v. Shimer*, 367 U.S. 374, 381–82, 81 S.Ct. 1554, 1559–60, 6 L.Ed.2d 908 (1961) (review of discretionary agency action in implementing statute limited to determining whether administrator exceeded authority or the action was "clearly wrong"); *Cardillo v. Liberty Mutual Insurance Co.*, 330 U.S. 469, 477–79, 67 S.Ct. 801, 806–07, 91 L.Ed. 1028 (1947) (determination by Deputy Commissioner of Employment Compensation Commission that injury arose "out of and in the course of employment" subject only to review for support by evidence and consistency with law); *Corn Prods. Refining Co. v. Federal Trade Comm'n*, 324 U.S. 726, 738–39, 65 S.Ct. 961, 967–68, 89 L.Ed. 1320 (1945) (Court reviewed Commission's finding that pricing practices "may" effect competition, although limited to whether supported by facts); *Morelli v. United States*, 177 Ct.Cl. 848, 858 (1966) (pre-Civil Service Reform Act review of civilian employee discharge based on whether administrative agency complied with procedural requirements, or acted arbitrarily, capriciously, in bad faith, or without substantial evidentiary support).

**4.** *See de Cicco v. United States*, 230 Ct.Cl. 224, 228–29, 677 F.2d 66, 70–71 (1982) (authority to determine whether decision of Corrections Board is arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable regulations); *Finn v. United States*, 212 Ct.Cl. 353, 356, 548 F.2d 340, 342 (1977) (same as to disability determination); *Craft v. United States*, 210 Ct.Cl. 170, 179, 544 F.2d 468, 473 (1976) (same); *Harris v. United States*, 177 Ct.Cl. 538, 541 (1966) (role of court is to determine whether Secretary's finding of fitness was so "arbitrary, capricious or unsupported by evidence as to be contrary to the applicable principles of law").

**5.** *See Norman v. United States*, 183 Ct. Cl. 41, 60, 392 F.2d 255, 266 (1968) (decisions to select officers for mandatory early retirement were not arbitrary or capricious, and were supported by substantial evidence).

judicial review); *Orloff v. Willoughby*, 345 U.S. 83, 90–94, 73 S.Ct. 534, 538–40, 97 L.Ed. 842 (1953) (commissioning of officers not subject to judicial review); *Voge v. United States*, 844 F.2d 776, 779–80 (Fed. Cir.1988) (decision to terminate Additional Special Pay non-justiciable); *Koster v. United States*, 231 Ct.Cl. 301, 311, 685 F.2d 407, 413 (1982) (suggesting that failure to retire plaintiff at temporary promotion grade is a matter beyond court's review); *Brown v. United States*, 4 Cl.Ct. 175, 179 (1983) (entitlement to promotion cannot be premised on a determination wholly within discretion of the Secretary).

■ Defendant may well be correct that the determination to deny a voluntary twenty-year retirement falls into the latter category of decisions. What is clear, however, is that Webb's retirement and back pay claims may both be reviewed again by the military after final resolution of the criminal action. As explained below, a second reason to defer resolution of the jurisdictional issue is that Webb's claim is premature. If Webb is successful in the district court, presumably that will be favorably considered in his subsequent applications for retirement or back pay. If he receives favorable treatment, his action here would be moot. If he is convicted and pursues his claims unsuccessfully, the administrative record will both assist in determining what standards were applied (and thus assist in the jurisdiction inquiry) and, if review lies, whether the action should be sustained.

**B. Ripeness**

Having been treated as absent without leave, or over leave, Webb forfeits his pay and allowances unless his absence from duty was "excused as unavoidable." 37 U.S.C. § 503(a) (1982); *Borys*, 201 Ct.Cl. at 605. The Department of Defense has developed guidelines to determine whether, in circumstances similar to those here, the absence should be excused. This guidance appears in two places. The Pay Manual provides, at paragraph 10312(b), Table 1–3–3, that if the absence is due to confinement by civil authorities, and if the military personnel is tried and acquitted, then "the absence may be excused as unavoidable." If Webb were tried and convicted, it may not be excused.

Air Force Regulation ("AFR") 35–73, ¶ 25, refers to the same provision of the Pay Manual, and provides as an example of an excused absence a determination of acquittal by civil authorities. It also provides that retirement applications are to be suspended "until final disposition of those charges." AFR 35–73, Table 2–2, Rule 18.

It is well-settled that courts should not intervene in matters involving uncertain and contingent future events that may not occur as anticipated, or at all. *Carstens v. Lamm*, 543 F.Supp. 68, 76 (D.Colo.1982); *see Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972); 13A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3532, at 112 (1984). Clearly, Webb's claims will not be ripe for review until after resolution of the district court action and only then, assuming acquittal, if he is unsuccessful in persuading the Air Force to treat his absence as excused and to reinstate his retirement. In the interim there is nothing to review. The event triggering review will be Webb's final administrative denial. If he is successful before both the district court and the Air Force, he has no need to seek judicial relief.

## CONCLUSION

The Clerk is directed to dismiss the complaint without prejudice. No costs.