David E. CRAWFORD, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 01–487 C.

United States Court of Federal Claims.

Original filed July 9, 2002.

Reissued as corrected July 11, 2002.[1]

David E. Crawford, Lemon Grove, CA, pro se.

John N. Maher, with whom were Robert D. McCallum, Jr., Assistant Attorney General, David M. Cohen, Director, and Bryant G. Snee, Assistant Director, Civil Division, Department of Justice, Washington, DC, for defendant. Jennifer L. Roper, United States Navy Office of the Judge Advocate General, Washington, DC, of counsel.

---

1. This Opinion and Order is being reissued to correct two misspellings of the word "supersed- ed" in footnote 4.

## OPINION AND ORDER

HEWITT, Judge.

Before the court is Defendant's Motion to Dismiss. For the following reasons, defendant's motion is GRANTED.

### I. Background

Plaintiff David E. Crawford is a warrant officer in the United States Navy with more than 20 years of active service. Defendant's Motion to Dismiss (Def.'s Mot.) at 1; Complaint (Compl.) at Enclosure 1 (Plaintiff's Request for Voluntary Retirement dated June 14, 2001). Plaintiff was convicted by general court-martial of several counts of sexual misconduct with a child under the age of 16 years and was sentenced by a military judge on September 7, 2000 to four years confinement, dismissal from the Navy, and forfeiture of all pays and allowances.[2] Def.'s Mot. at 3. *See also* Plaintiff's Response to Defendant's Motion to Dismiss (Pl.'s Resp.) at 12, 14, and 15. On June 14, 2001, plaintiff submitted to the Secretary of the Navy a request for voluntary retirement and transfer to the reserve fleet. Compl. at Enclosure 1. Under cover of a letter dated August 8, 2001, the Chief of Naval Personnel returned to plaintiff his retirement request "without consideration due to the pending punitive discharge awarded you at court-martial." Compl. at Enclosure 4; Pl.'s Resp. at 1. In the cover letter, the Chief of Naval Personnel also informed plaintiff that "consideration of your retirement request is not appropriate at this time, as your dismissal from naval service has not completed appellate review. Should the dismissal awarded at your court-martial not be approved, you are invited to resubmit your voluntary re[t]irement request." Compl. at Enclosure 4.

On August 21, 2001, plaintiff filed suit in this court. The relief plaintiff seeks is an order to the Secretary of the Navy to retire plaintiff with full benefits on the basis of 20 years of honorable military service. Complaint (Compl.) ¶¶ 1, 5, 23; Def.'s Mot. at 3. Defendant now moves to dismiss on the ground that plaintiff's claim is premature because no final agency action has been taken. Def.'s Mot. at 1. Alternatively, defendant argues that none of the theories of recovery on which plaintiff bases his claim mandates compensation by the government. *Id.* at 2.

### II. Discussion

#### A. Standard of Judicial Review

Defendant bases its motion to dismiss on Rules 12(b)(1) and 12(b)(6)[3] of the Court of Federal Claims (RCFC). Rule 12(b)(1) provides for dismissal based on the "lack of jurisdiction over the subject matter." RCFC 12(b)(1). Whether a court possesses subject matter jurisdiction over a claim depends upon the "court's general power to adjudicate in specific areas of substantive law." *Palmer v. United States,* 168 F.3d 1310, 1313 (Fed. Cir.1999). Rule 12(b)(6) provides for dismissal based on the "failure to state a claim upon which relief can be granted." RCFC 12(b)(6). Rule 12(b)[(6)] addresses "the question of whether in a specific case a court is able to exercise its general power with regard to the facts peculiar to the specific claim." *Palmer,* 168 F.3d at 1313. Dismissal by this court under 12(b)[(6)] constitutes an adjudication on the merits of a claim. *Maniere v. United States,* 31 Fed.Cl. 410, 419 (1994).

The Supreme Court has stated that in weighing evidence to evaluate a motion to dismiss, "whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Hamlet v. United States,*

---

**2.** The Uniform Code of Military Justice (UCMJ) provides that any person subject to its jurisdiction "who ... commits an act of sexual intercourse with a person who is not that person's spouse and who has not attained the age of sixteen years is guilty of carnal knowledge and shall be punished as a court-martial may direct." 10 U.S.C. § 920(b) (1998).

**3.** This proceeding was brought and defendant's Motion to Dismiss was filed under Rules 12(b)(1) and 12(b)(4), prior to the amendment of the Rules of the Court of Federal Claims (RCFC), which became effective May 1, 2002. Those amendments, *inter alia,* renumbered subsections of Rule 12(b). In this opinion, the court refers to the subsections as renumbered.

873 F.2d 1414, 1416 (Fed.Cir.1989); *LaMirage, Inc. v. United States*, 44 Fed.Cl. 192, 196 (1999). In rendering a decision on a motion to dismiss, the court must presume that undisputed factual allegations in the complaint are true. *Miree v. DeKalb County*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir.1988); *LaMirage, Inc.*, 44 Fed.Cl. at 196.

## B. Ripeness of Plaintiff's Claim

Defendant argues that plaintiff's claim is premature because his dismissal from the Navy, as part of the sentence imposed by plaintiff's court-martial, is not final. *See* Def.'s Mot. at 7. Because, in defendant's view, "[a]n approved dismissal bears directly upon a [service member's] eligibility for retirement," defendant argues that plaintiff's appeal of his court-martial is not complete. *Id.* at 5–6. Defendant adds that, consistent with paragraph 4.e of Secretary of the Navy Instruction (SECNAVINST) 1811.3M,[4] the Navy has deferred its consideration of plaintiff's retirement request pending final resolution of plaintiff's criminal case. *Id.*

Plaintiff interprets the same naval instruction differently, contending that SECNAVINST 1811.3M, paragraph 4.e cannot be used to deny his retirement pay request because "all charges against [him] have been disposed of." Pl.'s Resp. at 2. Rather, plaintiff argues, paragraph 10(j) of SECNAVINST 1811.3M provides that a court-martial conviction may be used only to make a retirement grade determination. Pl.'s Resp. at 2. *See also* Compl. at Enclosure 2.

To determine whether all charges against plaintiff "have been disposed of," as contemplated by paragraph 4.e of SECNAVINST 1811.3M, the court looks to the Uniform Code of Military Justice (UCMJ) for guidance. The UCMJ instructs that "[i]f a [court-martial] sentence extends to ... dismissal ... and if the right of the accused to appellate review is not waived, and an appeal is not withdrawn ... that part of the sentence extending to ... *dismissal ... may not be executed until there is a final judgment* as to the legality of the proceedings...." 10 U.S.C. § 871(c)(1) (emphasis added). The UCMJ specifies that judgment as to the legality of the proceedings is final when a Court of Criminal Appeals has completed its review of the proceedings and no further review will occur.[5] 10 U.S.C. § 871(c)(1).

Defendant points out, and plaintiff does not dispute, that "[plaintiff's] criminal conviction and sentence are properly docketed before the United States Navy–Marine Corps Court of Criminal Appeals" awaiting disposition. Def.'s Mot. at 7–8; Pl.'s Resp. at 2. Indeed, plaintiff acknowledges in his respon-

---

4. SECNAVINST 1811.3M governs the voluntary retirement and transfer to the fleet reserve of members of the Navy serving on active duty. *See* Compl. at Enclosure 2 (SECNAVINST 1811.3M, para. 4.e (Nov. 15, 1989)). Paragraph 4.e of SECNAVINST 1811.3M requires that "[r]equests for voluntary retirement in cases where court-martial charges have been preferred and not disposed of shall be denied except as provided in references (d) and (e)...." *Id.* Neither of the two exceptions to this provision, as set forth in SECNAVINST 1920.6A and SECNAVINST 1910.4A, is applicable in this case. *See* Defendant's Supplemental Brief in Response to the Court's May 7, 2002 Order at 1. SECNAVINST 1920.6B—which superseded SECNAVINST 1920.6A in December 1999—is inapplicable in the circumstance of "discharge or dismissal by reason of court-martial sentence" and thus cannot apply here. *Id.* at 3 n. 4. SECNAVINST 1910.4B—which superseded SECNAVINST 1910.4A in May 1996—applies to both active duty and reserve enlisted personnel, but not to an officer, as is the plaintiff in this case. *Id.* at 4.

5. The UCMJ observes that further review is foreclosed when:

   (A) the time for the accused to file a petition for review by the Court of Appeals for the Armed Forces has expired and the accused has not filed a timely petition for such review and the case is not otherwise under review by that Court;

   (B) such a petition is rejected by Court of Appeals for the Armed Forces; or

   (C) review is completed in accordance with the judgment of the Court of Appeals for the Armed Forces and—

   (i) a petition for a writ of certiorari is not filed within the time limits prescribed by the Supreme Court;

   (ii) such a petition is hereby rejected by the Supreme Court; or

   (iii) review is otherwise completed in accordance with the judgment of the Supreme Court.

   10 U.S.C. § 871(c)(1).

sive briefing that "the Navy–Marine Corps Court of Criminal Appeals, the Court of Appeals for the Armed Forces, the Supreme Court, and the Secretary of the Navy could set aside his dismissal." Pl.'s Resp. at 2.

Pending appeal of plaintiff's conviction and sentence by court-martial, no final judgment exists regarding his dismissal. See 10 U.S.C. § 871. For guidance in determining whether the "disposed of" requirement in paragraph 4.e of SECNAVINST 1811.3M should be interpreted to include finality of judgment with respect to the court-martial charges, the court considers the interpretation by this court of the finality requirement contained in an analogous Air Force regulation in Webb v. United States, 15 Cl.Ct. 23 (1988).

In Webb, the Air Force began an investigation of a service member after granting the service member's retirement request but before the retirement date became effective.[6] Webb, 15 Cl.Ct. at 24. Pending the outcome of the investigation, the Air Force placed the service member on administrative hold and rescinded his retirement date. Id. The investigation led to the filing of formal charges against the service member, and a court-martial proceeding commenced in the Philippines. Id. While the court-martial proceedings were pending in the Philippines, the service member was arrested and detained in California on related charges brought in the United States District Court for the Northern District of California. Id. After the dismissal of the court-martial proceedings and while the criminal action was still pending in federal district court in California,[7] plaintiff filed suit in this court seeking back pay and his retirement pay. Id.

The court in Webb noted an Air Force Regulation requiring the suspension of retirement applications until the "final disposition" of charges and cited case law discouraging judicial intervention in matters involving "uncertain and contingent future events." Id. at 26. The court explained that judicial review of the claims would not become ripe "until after resolution of the district court

action and only then, assuming acquittal, if he is unsuccessful in persuading the Air Force . . . to reinstate his retirement." Id.

Although the applicable regulation here, specifically paragraph 4.e of SECNAVINST 1811.3M, does not state expressly that "final disposition" of court-martial charges is required, the court finds that the court's prudential reasoning in Webb (notwithstanding the different regulatory language in that case) is instructive as to when court-martial charges may be deemed to be "disposed of" in this case.

Even if the "disposed of" requirement set forth in paragraph 4.e of SECNAVINST 1811.3M does not by itself require dismissal, Webb and other case law militate against the court's consideration of plaintiff's complaint at this time because plaintiff's claim does not arise from a final judgment. The Supreme Court has stated that "[a] claim is not ripe for judicial review if it is premised upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998); accord Thomas v. Union Carbide, 473 U.S. 568, 580–81, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985). The rationale underlying the ripeness doctrine is to prevent premature adjudication:

[The] basic rationale [for the doctrine of ripeness] is to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect agencies from judicial interference until an administrative decision has been formalized. . . .

Abbott Laboratories v. Gardner, 387 U.S. 136, 148–149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). Because plaintiff's conviction and sentence by court-martial are still on appeal, there is no final judgment as to the legality of the court-martial proceedings for this court to review. Without a final judgment, plaintiff's claim before this court is prema-

---

6. The investigation concerned the service member's conduct of his duties as a contracting officer at an Air Force base in the Philippines. Webb, 15 Cl.Ct. at 24.

7. The court-martial proceedings in the Philippines were dismissed based on the military judge's determination that the service member's right to a speedy trial had been violated. Id.

ture. Because the court does not have jurisdiction to hear plaintiff's claim at this time for lack of ripeness, plaintiff's complaint must be DISMISSED without prejudice.[8]

III. Conclusion

For the foregoing reasons, defendant's Motion to Dismiss is GRANTED for lack of subject matter jurisdiction. Plaintiff's complaint is DISMISSED without prejudice. No costs.

IT IS SO ORDERED.

---

8. Because the court's review of this case is premature, the court declines to consider defendant's alternative arguments for dismissal.